TIERCY J. BEST v. NORRIS FREDERICK.

*Practice—Issues.*

It is not error to refuse to submit an issue to the jury when there is no proof to support it.

(*Albright* v. *Mitchell*, 70 N. C., 445; *McCombs* v. *R. R. Co.*, 67 N. C., 193; *March* v. *Verble*, 79 N. C., 19; *Wittkowsky* v. *Wasson*, 71 N. C., 451, cited and approved.)

CIVIL ACTION tried at August Special Term, 1880, of DUPLIN Superior Court, before *Schenck, J.*

The facts are stated in the opinion. The plaintiff submitted to a nonsuit and appealed.

*Messrs. Allen & Isler*, for plaintiff.
*Mr. D. J. Devane*, for defendant.

BEST *v.* FREDERICK.

Ashe, J.  The action was brought by the plaintiff, who was then and still is a feme covert, to recover the sum of six hundred dollars with interest, which it is alleged the defendant promised to pay her upon the considerations hereinafter mentioned.  On the 12th day of April, 1870, one A. M. Faison paid the sum of two thousand and thirteen dollars and twenty-four cents, the balance due on a note theretofore given by the defendant and Henry Best, the husband of the plaintiff, to Wm. Reston, cashier, to which note the said Faison was surety.  Prior to this, Frederick had gone into bankruptcy, and had obtained his certificate of discharge on the 11th of December, 1868.  At the time Faison paid and took up the note given as aforesaid to Reston, the defendant promised him that he would pay or try to pay whatever amount he might have to pay on the note, and did pay him two notes of five hundred dollars each, the market value of which was seven hundred and eighty dollars.  Afterwards Faison brought suit against Best and Frederick to recover the balance of the money he had, as surety, paid to their use.  He recovered judgment against Best and sold his land to satisfy the same; and whilst the action was still pending against Frederick, he, as testified by Faison, approached the latter and asked him to compromise the matter between him and Best.  Frederick then said that " he could not pay them ; but if he would wait four years, he would pay six hundred dollars, and could not pay sooner."  The witness further states " that Mr. Best then came to us and we made a compromise.  Mr. Best was not present.  I was to wait four years and take twelve hundred dollars at eight per cent. interest.  The debt, interest and costs amounted to about eighteen hundred dollars.  I proposed to lose six hundred, and Frederick pay six hundred and Best six hundred dollars.  They agreed to this.  No particular person mentioned to whom payment was to be made.  We were to meet at Warsaw next week.

12

and have the mortgage drawn. Mr. Allen (attorney) was to draw the papers. Met at Warsaw. All present but Frederick, who did not come. The mortgage was drawn and executed. * * * * * The mortgage was given as a compromise in pursuance of the promise of Frederick. Frederick was to pay Mrs. Best, if she would pay the debt. She was to wait four years with him. She gave the mortgage running four years accordingly."

Henry Best, a witness for the plaintiff, testified that he was the husband of the plaintiff; that in the month of May, 1874, a compromise was proposed to him. He refused, as he had no property. He refused until he saw his wife and then acted for her. The defendant said, " if your wife will sign a mortgage of her property and pay Faison, he would pay her within four years." The defendant knew he was acting for his wife. He promised witness several times to pay, and on the 18th of September, 1875, promised to pay mill rock, gin, flour and bacon, and did pay a barrel of flour and one hundred pounds of bacon on the 22nd of September, 1875. Frederick said when the compromise was made, " if the old woman will pay Faison, I will repay her in four years. If Faison would wait four years, he would pay her six hundred dollars." Frank Best, a son of Henry, was examined on the part of the plaintiff, and stated that he was sent by his father for the flour and meat, and said Frederick was to credit it on the Faison debt.

The defendant was then introduced as a witness for himself and testified that the flour and bacon were not to be credited on the Faison debt, but on a small debt of twenty-seven dollars, which he owed to Best. He knew that by the compromise he had six hundred dollars to pay to somebody, but he did not know to whom; that he could not remember ever to have spoken to Mrs. Best about the matter. The mortgage given by Mrs. Best was upon her separate property. The compromise was made on the ...... day

of May, 1874, and the writ issued on the 27th day of April, 1878. The defendant for a defence relied upon the statute of limitations.

His Honor, after hearing the evidence, intimated to the plaintiff that she could not recover, for the reason that he should instruct the jury, as a matter of law arising upon the testimony in the case, that the plaintiff's right of action was not complete until May, 1878, four years from the time of the promise detailed in the evidence as having taken place at Kenansville in May, 1874.

The plaintiff insisted that while it was the province of the court to construe the contract, yet the time at which the contract fell due was a question for the jury. His Honor held that there was no evidence to submit to a jury, tending to show that the contract was due before the issuing of the summons in the case. The plaintiff insisted there was evidence, and asked that an issue might be submitted to the jury on that point; but His Honor refused. The plaintiff thereupon excepted, and submitted to a nonsuit and appealed.

When issues are made up by the pleadings, parties have the right to have those material to the deliberation of the case submitted to the jury; and for the presiding judge to withhold such material issues and substitute others, is error. *Albright* v. *Mitchell,* 70 N. C., 445. This case has been relied upon by the plaintiff's counsel as authority for ascribing error to the court below, in refusing the issue proposed. But we cannot see that the principle decided in that case is applicable to the facts in this case. There is no issue made up by the pleadings as to the time when the contract was to mature. The plaintiff alleged, in general terms, that the defendant, upon certain considerations, promised to pay her six hundred dollars, and the defendant denied it and relied upon the statute of limitations. The proof in the case was clear that the defendant, at the time of the compromise at

the May term of Duplin superior court, was to have an extension of four years upon his promise to pay the six hundred dollars. Faison testified that "the mortgage was given as a compromise in pursuance of the promise of Frederick. Frederick was to pay Mrs. Best if she would pay the debt. She was to wait four years with him. She gave the mortgage—running four years accordingly." Best, the husband and agent of the plaintiff, who made the compromise for her, testified that Frederick said, when the compromise was made, "If the old woman will pay Faison, I will repay her in four years. If Faison would wait four years, he would pay her six hundred dollars." There was no evidence offered in the case which contradicted or varied this evidence as to the time when the contract was to fall due. An attempt to do so was made by offering proof that the defendant promised to pay the plaintiff in mill rock, gin, flour and meat; and that in 1875 he did send to the plaintiff a barrel of flour and one hundred pounds of bacon. But this proves nothing. It is too slight a circumstance to be left to the jury, to be weighed against the direct and positive testimony of Faison and Best, in establishing the terms of the contract. The payment of the flour and bacon, even if paid on the Faison debt, which is denied by the defendant, is not at all inconsistent with the contract that the defendant was to have a forbearance of four years. The kindest relations seem to have subsisted between the Bests and the defendant. Whether they are connected by the ties of blood or marriage, we are not informed, but the circumstances connected with the execution of the mortgage given by Mrs. Best on her separate or individual property, to relieve the defendant, indicate close and kindly relations between the parties. If then, while the defendant is owing the plaintiff a large debt she should need supplies and he has them, it would be most natural for him to furnish them to her, not merely as a matter of accommodation, but upon the principle of jus-

tice; especially when such advances would reduce the amount of his debt. When the defendant promised that he would pay the plaintiff within four years, it seemed to have been in his contemplation to pay the debt from time to time during that period.

While it is the duty of the court to submit all issues to the jury which are raised by the pleadings, it is its duty on the other hand, when there is no evidence to sustain the declaration of the plaintiff, so to instruct the jury; and to withhold from their consideration testimony which merely raises a conjecture or suspicion of a controverted fact. *McCombs* v. *N. C. R. R. Co.*, 67 N. C., 193; *March* v. *Verble*, 79 N. C., 19.

Whether there be *any* evidence is always a question of law for the judge; whether it is sufficient is a question of fact for the jury.; but what is meant by *any* evidence is not whether there is literally no evidence, or the slightest *scintilla* of evidence, but whether there is no evidence that ought reasonably to satisfy the jury that the fact sought to be proved is established. *Wittkowsky* v. *Wasson*, 71 N. C., 451.

What if there had been an issue submitted in this case, whether the contract was to mature before May, 1878? His Honor must have charged the jury that there was not *any* evidence offered on the part of the plaintiff which could reasonably satisfy them that the contract fell due at an earlier day than May, 1878. What was the use of making up and submitting such an issue to the jury, when there was manifestly no proof to support it?

The ruling of His Honor was correct. There is no error. The judgment of the superior court of Duplin is affirmed.

No error. Affirmed.