WILSON P. COVINGTON v. MORRIS NEWBERGER.

*Practice in Supreme Court—Amending Case on Appeal—Principal and Agent—Verdict—Evidence—Innkeeper's Lien.*

1. This Court cannot permit the case on appeal, appearing in the record, to be varied or amended by adding thereto matters suggested to the Court upon affidavit. Only questions presented in the record can be considered.

2. In the absence of an express agreement the principal is not responsible for the hotel bill of his agent or drummer, where the hotel-keeper allows the agent to run up a bill without notice to the principal, and it is proven to be a general custom for such agents to pay their hotel bills in cash.

3 An innkeeper has a lien even upon the goods of a third person held by a guest, and brought within the inn, unless he knew they were not the property of the guest.

4. When there is no evidence, or only a *scintilla* of evidence, or the evidence is not sufficient, in a just and reasonable view of it, to warrant an inference of any fact in issue, the Court should not leave the issue to be passed upon by the jury, but should direct a verdict against the party upon whom the burden of proof rests.

CIVIL ACTION, originally commenced before a Justice of the Peace, and carried, by appeal, to the Superior Court of ANSON County, and tried before *Clark, J.,* at May Term, 1887, of said Court.

At the time of issuing the summons, and as ancillary to the action, a *warrant of attachment* was issued, under which certain trunks and packages of samples, in possession of Lindsay Davis, were seized, and afterwards replevied by the defendant.

The pleadings were oral.

During the years 1881 and 1882, the plaintiff was the proprietor of a hotel in the town of Wadesboro, and he alleged

that during that time the defendant became indebted to him in the sum of $47, for the board and lodging of his agent, Lindsay Davis. The defendant answered, denying the debt and denying that he owed the plaintiff anything.

The plaintiff, in his own behalf, testified, in substance, that "Davis was traveling over the country as the salesman of the defendant, soliciting orders and selling goods for him," and was so engaged at the time the alleged debt was contracted. Witness knew that Davis was the agent of the defendant, "and on every occasion when he stopped with witness, he was engaged in prosecuting the defendant's business. Witness extended credit to defendant in the first instance, and thought that he was responsible for his agent's board bill. * * * * It was the habit of said agent to come to Wadesboro several times during the year, and, while making plaintiff's hotel headquarters, to visit the surrounding country, by private conveyance, returning to Wadesboro from time to time, to receive communications and orders from his house, and to send orders for goods which he had sold. Witness received payments from time to time from said agent, on the account, and the sum of forty-seven dollars is the balance due after deducting all payments.

*Cross-examined.*—Said Davis always registered on the hotel register as "Lindsay Davis," without making any reference to the defendant. Said Davis was carrying with him large trunks and cases of samples of clothing, all of which were brought to plaintiff's hotel and there kept and exhibited. Davis was a transient patron at plaintiff's hotel. It was the general custom that such patrons were expected to pay cash for their bills, though witness thought there were exceptions. Where the drummer was engaged in " working up" the surrounding country, he was not expected to settle until he had finished. Some time since the commencement of the action the witness drew off his account from his hotel register, which is as follows, to-wit:

LINDSAY DAVIS WITH M. NEWBERGER—

| | | | | | |
|---|---|---|---|---|---|
| 1881. April | 1, | To board | | $ | 50 |
| " | 6, | " " | | 8 | 50 |
| " | 12, | " " | | 12 | 00 |
| " | 13, | " " | | 1 | 50 |
| July | 29, | " " | | 7 | 50 |
| Aug. | 1, | " " | | | 50 |
| " | 7, | " " | | | 50 |
| " | 11, | " " | | 8 | 50 |
| | | | | $39 | 50 |
| " | 11, | By cash | | 20 | 00 |
| | | | | $19 | 50 |
| Oct. | 17, | To board | | 9 | 00 |
| " | 24, | " " | | 1 | 00 |
| | | | | $29 | 50 |
| " | 24, | By cash | | 8 | 00 |
| Amount brought forward | | | | $21 | 50 |
| March | 2, | To board | | 2 | 50 |
| April | 5, | " " | | 1 | 50 |
| " | 18, | " " | | 7 | 00 |
| Aug. | 28, | " " | | 11 | 00 |
| | | | | $43 | 50 |
| " | 11, | By cash | | 3 | 50 |
| | | | | $40 | 00 |
| Nov. | 8, | To board | | 4 | 50 |
| " | 27, | " " | | 2 | 50 |
| | | | | $47 | 00 |

Which account witness has since kept on a small pocket memorandum.

Witness extended the credit and allowed the account to run, because he thought the trunks and cases of samples were liable and responsible for the board bills of Davis, and also because he thought the defendant was liable for the board bills of his said drummer. Witness never had, at any time prior to the commencement of this action, any conversation or communication with the defendant concerning the account—never notified him that he was extending credit on account of his said drummer; never presented the account to defendant, or made any demand on him before bringing the action."

The plaintiff then put in evidence the return of the Sheriff endorsed on the *warrants of attachment* and the undertaking entered into by the defendant, which showed that the property levied on (the trunks and samples) was the property of the defendant, and claimed by him.

George W. Huntley, witness for plaintiff, testified that during the years 1881 and 1882 Davis was traveling as the drummer or agent of the defendant, selling clothing for him. " Witness gave him (Davis) orders for goods; the goods were shipped and received by witness, and witness paid the draft drawn by the defendant for the price of the goods."

Dr. Covington also testified that Davis was the traveling salesman of the defendant.

The defendant introduced no evidence.

The Court charged the jury, in substance, as follows, to-wit:

That they must first be satisfied from the evidence that Lindsay Davis was the agent of the defendant, Morris Newberger, and if they were not so satisfied, they should find the issue in favor of the defendant. But if, from the evidence, they were satisfied that Lindsay Davis was the agent of the defendant at the time the account was made, that then the liability of the defendant would depend upon the character

of the agency, and whether the agent had authority to bind his principal for his board bill; that plaintiff must satisfy the jury that, by the contract of agency, the agent had such authority from his principal when engaged in the prosecution of the agency; and if the defendant (principal) did authorize his agent to bind him for the price of the agent's board, and the board bill was contracted by the agent in the course of the business, that then the defendant would be liable in this action, and they should find' in favor of the plaintiff; that if Lindsay Davis was the drummer of the defendant, and stopped at the hotel of the plaintiff in the prosecution of his business as the drummer of defendant, and such stopping and boarding was necessary to the prosecution of the agency, and the jury find from the evidence that the contracting of the board bills was necessary in the prosecution of the work of the agency, the defendant was liable to plaintiff for such of his account as has been proved to the satisfaction of the jury. That the burden was on the plaintiff to satisfy them of the truth of these propositions.

The Court submitted to the jury the following issues:

"Is defendant indebted to plaintiff? If so, how much?"

The jury responded, "Yes; forty-seven dollars."

The defendant moved for a new trial, for error of the Court in refusing instructions asked, in submitting issue to the jury, and for error in the charge of the Court.

Motion overruled. Judgment. Appeal by the defendant to the Supreme Court.

*Mr. W. L. Parsons*, for the plaintiff.
*Messrs. J. A. Lockhart* and *P. D. Walker*, for the defendant.

DAVIS, J., (after stating the facts). Upon disagreement of counsel, the case on appeal was settled by the Judge, as appears from the certificate, and the instructions asked for by the defendant, and the refusal of which constitutes one of

the grounds of exception, as appears in the statement of the case, do not appear in the record. Counsel for the appellant proposed to show by affidavits what the instructions asked for and refused were; but this Court cannot permit the case stated to be varied or amended in any such way, and we can only consider the questions presented in the record.

The plaintiff was a hotel keeper in the town of Wadesboro. One Lindsay Davis was the traveling salesman or "drummer" for the defendant Newberger, and in the course of his business as such, "was a transient patron at plaintiff's hotel" at divers times, from April 1st, 1881, to November 27th, 1882, generally leaving without paying his board, but making occasional payments, as appears by the credits on the account. It was during this time, extending over a period of nearly twenty months, that the credit was given and the debt incurred, which it is sought by this action to recover. There is no evidence of any express agreement or promise on the part of the defendant to pay the debt, and there is no evidence that he knew of its existence till this action was instituted. On the contrary, the plaintiff himself testifies (and this was the only evidence on this point) that he "never had, at any time prior to the commencement of this action, any conversation or communication with the defendant concerning the account; never notified him that he was extending credit on account of his said drummer; never presented the account to defendant, or made any *demand* on him before bringing the action."

Is there any evidence of an implied promise on the part of the defendant to pay this debt? Is there any evidence of authority from him to the plaintiff to give this extended credit for the board of the "drummer?" Is there any evidence, from which it might be reasonably inferred or implied, that he would be liable therefor? Is there any evidence whatever, that the "agent" Davis "had authority to bind

his principal (the defendant) for his board bill," extending over a period of many months?

The plaintiff says that there was some evidence in the fact that the defendant Newberger sent Davis, as his agent, through the country to sell goods for him, and that this carried with it the incidental, or implied, authority in Davis to bind the principal for liabilities incurred by the agent, and rendered necessary in the discharge of the duties pertaining to his agency; and for this he refers us to Story on Agency, §§ 73, 78, 98, 119 and 127; *Huntley* v. *Mathias*, 90 N. C., 101, and *Bentley* v. *Doggett*, 37 Am. Reps., 827. These authorities go to the full extent of declaring, that the principal is liable for any necessary expenses, or for anything that it may be necessary for the agent to do in and about the business of his agency, and when the principal sends the agent out, he sends him with the implied authority to do what is necessary and proper, in order to transact the business for which he is employed. The principal is bound, in such cases, by whatever the agent may do within the scope of his authority.

Conceding this doctrine as well settled, can it be reasonably assumed that it is within the scope of the agent's authority to make debts and charge his principal therewith, as is done in this case? He was employed to sell goods, and it may be, all reasonable and necessary expenses (whether he is furnished with the money by his principal to pay them or not), as he travels through the country, may be an implied charge against his principal, as a necessary incident to the business of the agency; but this must be within the limits, and subordinate to well known custom. The plaintiff in this case testifies that " it was the general custom, that such patrons (transient patrons) were expected to pay cash for their bills." It is true, he adds, that he "thought there were exceptions." There is nothing stated by him to show, nor does he say, that this case is an exception.

If he intended to hold the defendant answerable for the

board bill of Davis, it was manifestly his duty, in the ab-sence of any agreement, to notify him of the failure of Davis "to pay cash," in accordance with custom. Wharton on Agency and Agents, §§ 134 and 137. The long and con-tinued failure of Davis to pay cash, according to the general custom, ought to have put the plaintiff on inquiry, and it is well said by Wharton, § 139, "when there is any good reason to put the third party (the party dealing with the agent) on his inquiry, he is bound to go to the principal for this pur-pose, or, otherwise, he will open himself to the charge of collusion with the agent against the principal."

But counsel for the plaintiff insist, that the inn-keeper has a lien, even upon the goods of a third person, held by a guest and brought within the inn, and when the defendant re-plevied the goods, he became liable. The landlord or inn-keeper's lien is well recognized, and the case of *Cook* v. *Kane*, 57 Am. Reps., 28, cited by counsel, is authority for the posi-tion taken by counsel, but it has the qualification, "unless he knew it was not the property of the guest."

Assuming, that upon a notification of the failure of the drummer, in the first instance. to pay cash, according to the general custom, the defendants would have been liable for his hotel bill (when the amount of the account was insignificant), and assuming that the plaintiff would then have had a lien upon the trunks and samples in the possession of the drum-mer, to secure the *cash*, then due from his customer, and, in-stead of availing himself of it, had permitted the drummer to carry them away, and extended the credit from time to time, in the manner indicated in the account, and for which, we think, there is no evidence of authority, then he would have had no lien upon defendant's property for the amount of the unauthorized credit, and the fact that the defendant replevied the goods, cannot help the plaintiff.

When there is no evidence, or only a *scintilla* of evidence, or the evidence is not sufficient, in a just and reasonable

view of it, to warrant an inference of any fact in issue, the Court should not leave the issue to be passed upon by the jury, but should direct a verdict against the party upon whom the burden of proof rests. *Brown* v̄. *Kinsey*, 81 N. C., 245; *Best* v. *Frederick*, 84 N. C., 176; *State* v. *White*, 89 N. C., 462; *State* v. *Powell*, 94 N. C., 965, and cases cited.

There is error, and the defendant is entitled to a new trial.

Error.                                    *Venire de novo.*