NOEL RILEY, et al. v. W. J. B. HALL, et al.

*Action to Set Aside Deed Obtained by Undue Influence— Pleading—Trial — Discretion of Judge — Appeal — Exhibiting Paper to Jury—Issues— Validity of Deed— Undue Influence.*

1. Where, in an action to set aside a deed alleged to have been obtained by undue influence, the complaint states that the said deed was obtained by the undue influence of the defendants over J. R. (the grantor), and of other persons in their behalf; *Held*, that the complaint states a cause of action.

2. The refusal by the trial court of a motion to require a party to make his pleading more explicit will not be reversed on appeal unless it appears that there has been a gross abuse of discretion.

3. The rule that evidence must be addressed to the ears and not to the eyes is to prevent the exhibition of papers about which there is some defect, such as forgery, erasure, etc., concerning which only expert testimony is admissible; but, when there is no defect in an instrument which has been put in evidence, it is not error to permit it to be exhibited to the jury during argument.

4. In the trial of an action, brought by persons admitted to be the heirs of a deceased person, to set aside a deed of their ancestor obtained through undue influence, and to recover the land conveyed thereby, it is not necessary to submit an issue as to plaintiff's ownership, the validity of the deed being the only question of fact involved.

5. In the trial of an action to set aside a deed alleged to have been obtained from the grantor by undue influence of the defendants and others in their behalf, evidence that the mother of the grantees had, prior to its execution, acquired a strong influence over the grantor, who was an old man, in poor health and of feeble mind; that she caused a separation between him and his wife, and continued to live with him until his death, is admissible on the issue of undue influence in obtaining the deed, and, together with the failure of the grantees to show payment of but a small part of the value of the property, is sufficient to authorize the submission of the issue to the jury.

CIVIL ACTION, to set aside a deed alleged to have been obtained from plaintiffs' ancestor by the undue influence of the defendants and others in their behalf, and to recover the land conveyed thereby, tried before *Greene, J.*, and a jury, at May Term, 1896, of CUMBERLAND Superior Court. The issues submitted and the responses were as follows:

" 1. Was the execution of the deed dated September 29, 1887, from John Riley to W. J. B. Hall and the other defendants, obtained by the undue influence of the defendants, or any one in their behalf?

"Answer, ' Yes.'

" 2. At the date of the execution of the said deed did the said John Riley have sufficient mental capacity to execute a deed?

"Answer, ' Yes.'

" 3. If the said John Riley did have mental capacity to execute the said deed, was he at that time a person of weak and feeble intellect?

"Answer, ' Yes.'

RILEY *v.* HALL.

" 4. What was the value of the land described in said deed at the time of its execution ?

"Answer, ' $3,160.'

" 5. What was the consideration paid for the said land by the defendants ?

"Answer, ' $200.'

" What is the actual rental value of the said land ?

"Answer, ' $200.' "

Judgment was rendered, directing that the deed be delivered up and cancelled, and that plaintiffs recover possession of the land and the sum of $1,600 damages for detention and costs. From this judgment defendants appealed. The facts necessary to an understanding of the opinion are set out in the same.

*Messrs. J. W. Hinsdale, MacRae & Day* and *J. C. & S. H. MacRae,* for plaintiffs.

*Mr. N. W. Ray,* for defendants (appellants).

FURCHES, J.: This action is for the purpose of declaring void a deed from John Riley to the defendants, dated September 29, 1887, and for the possession of the land therein described. The plaintiffs, in the first article of their complaint, allege that on or about September 29, 1887, John Riley, the father of plaintiffs, executed to W. J. B. Hall, J. R. Hall and I. J. Hall, the defendants in this action, a deed for the following tract of land (describing it).

In the second article of the complaint they allege that John Riley died soon thereafter, to-wit, in February, 1888, leaving the plaintiffs his children and only heirs-at-law.

Third. That John Riley, at the time he executed said deed, was of weak and feeble intellect.

Fourth. That at the time of executing the deed he did not have mental capacity to make a deed.

Fifth. That the said deed was obtained by the undue influence of the defendants over John Riley, and of other persons in their behalf.

Sixth. That the consideration paid was grossly inadequate, if anything at all.

Seventh. That said deed was obtained from John Riley by the fraudulent practices of the defendants, or of other persons in their behalf.

The eighth, ninth and tenth paragraphs are as to the possession of the defendants, and the eleventh is that the yearly rental value of the land is at least two hundred dollars.

Defendants contended that the allegations of the complaint were not sufficiently specific, and moved the court to require plaintiffs to make them more specific, especially the fifth paragraph, or to strike them from the complaint. This the court declined to do, and defendants excepted. We see no error, and cannot sustain the exception. All that we can do is to see that a cause of action is stated. The manner of stating it, upon objection and motion to correct, must be left with the court below as a matter of discretion, and can only be reversed on appeal where it appears to this Court there has been a gross abuse of discretion. *Wyche* v. *Ross*, at this Term. This action had been investigated before the court and a jury once before, when the jury failed to agree, and a mistrial was had. This, it would seem, was sufficient to give defendants such information as they demand in their motion, if they did not have it before.

Defendants then contended that the first issue had been found by the jury on the former trial in their favor, and should not be submitted to the jury again. But as the

jury failed to agree, and a mistrial was ordered, we fail to see how this can be so, and the learned counsel who argued the case failed to cite any authority to sustain this position.

During the argument of the case the deed from John Riley to defendants, which had been introduced in evidence during the trial, was exhibited to the jury under the objection of defendants, and defendants excepted. And defendants say in their supplemental brief "There was no testimony that there was any defect in this deed."

This is the reason it was not error to allow it to be exhibited to the jury. This rule that defendant insists on, that evidence must be addressed to the ears and not to the eyes, is to prevent papers from being exhibited to the jury where there is an alleged defect, as forgery, erasure, &c., where the matter depends on expert testimony, for the reason that the jury are not experts. This distinction has not always been kept in mind as it should have been. But still it is the rule that should be observed and which should govern in cases of the kind.

We have cases where the bastard child has been exhibited to the jury as evidence of paternity, where weapons used in affrays and homicides have been exhibited, and this evidence has been allowed and sustained by this Court. But if the rule was allowed to the extent claimed by defendant it would destroy the rule allowing the body to be exhibited, &c. The exception is not sustained.

John Horne, a witness for plaintiffs, in answer to a question (which is not stated) answered : "I am 67 years old. Knew John Riley ever since he was a little boy ; I know his wife." Objected to. Again, question : "When did Sally Hall come to live with Riley ?" Objected to by defendants. These exceptions are without merit and cannot be sustained.

Defendants insist that the issues submitted are not sufficient to determine the title to the land, that plaintiffs are claiming that they are the owners, and there should have been an issue submitted to the jury as to their ownership. This objection cannot be sustained.

Defendants claimed under John Riley by deed from him. Plaintiffs claim as the heirs-at-law of John Riley. And it was admitted that he was dead, and that plaintiffs were his children and only heirs-at-law. So both plaintiffs and defendants claimed under John Riley, the common source, and neither party could dispute his title. So the question was as to the validity of the deed of September 29, 1887, to the defendants. If it is valid, the defendants are the owners; if it is not, the plaintiffs are the owners. This result followed the finding on the deed as a matter of law.

Defendants objected to the 3rd, 4th, 5th, and 6th issues. And it seems to us that the third issue might have been omitted. It is in its nature evidentiary, and might have been supplied by the charge of the court in its instructions upon the first issue. But if the court chose to submit it as a distinct issue, we are unable to see what harm it could work to the defendants. His feeble condition of mind was certainly a proper subject for the consideration of the jury in making up their verdict on the first issue. And the fourth, fifth and sixth issues, under certain views of the case, were presented by the pleadings, and in our opinion proper, and this objection cannot be sustained.

Defendants asked the court to instruct the jury that all evidence introduced as to undue influence should be considered solely upon determining that issue, and that they should not allow it to prejudice them, as to the defendants, upon any other issue. This the court declined, and we think properly. It is proper for the court to

instruct the jury in proper cases that certain evidence is not substantive but only corroborative, or that confessions or declarations of one defendant are not evidence against another defendant.  But how the court could instruct the jury as to what consideration they should give to substantive evidence, that was proper evidence against all the defendants, without invading the province of the jury, we are unable to see.

But if defendants had been entitled to this instruction, it appears from the case that the court's failing to give it was harmless, as the only other issue that it could have had any bearing upon was the second issue, which is as follows :  " At the date of the execution of the said deed, did the said John Riley have sufficient mental capacity to execute a deed ?   Answer, ' Yes.' "

This issue, being found in favor of the defendants, cures the error complained of, if there was error, and we are of opinion there was not.

The consideration of the foregoing questions bring the case down to the main question, of undue influence.

The jury having found that defendants' deed was obtained by undue influence, and there being no error found as to the evidence submitted to them, and no error appearing as to the instructions of the court, the verdict must stand if there was any evidence, or any evidence upon which the jury might reasonably find, that there was undue influence.   Then the question is—

Whether the facts testified to, (because in considering this question we must take it that the jury found them to be true,) that John Riley at the date of the deed was an old man, in bad health, having had two paralytic strokes, was of a weak and superstitious mind and intellect, had become enamoured of Sally Hall, the mother of defendants, who had supplanted Mrs. Riley in the affections of her

RILEY v. HALL.

husband, had been the cause of John Riley's whipping and abusing Mrs. Riley for alleged insults to Sally Hall, and had actually caused a separation between John Riley and his wife; that Sally Hall was mistress of the house and carried the keys before Mrs. Riley left, and continued to live with John Riley until his death; that she was not only entrusted with the household duties, but also, to some extent at least, with the store; that she was in the habit of cursing John Riley in the presence of others, and he quietly submitting to this abuse without resentment; that John Riley had children of his own (plaintiffs), and the grantees (the defendants) were the children of Sally Hall and not his; that John said that whenever the Halls wanted anything done there was no peace until it was done; that the land conveyed was worth more than three thousand dollars, and defendants were only able to show that they paid two hundred dollars; that it was in evidence that there was a note given by defendants for the land, which defendants alleged had been paid off, and if so, is presumed to be in their possession, and which they failed and refused to produce or account for; that one of the defendants, on the morning of the death of John, took a paper out of his desk, claiming it was the deed, and saying that he did not know what might happen; that he said after he had paid John Riley for the land, he refused to make the deed, until he threatened him with Tom Sutton —which, according to his own evidence (Bullock's), was not true, as he testified that he saw two hundred dollars paid, which was said to be the last payment, and that John then and there made the deed and he witnessed it; that defendants had lived on the land for many years prior to the making of the deed, as the tenants and laborers of said Riley; that the defendant John Hall, outside of this land, is not worth over five hundred dollars, and the other two defendants are worth very little; that the said John

continued to live on the land and controlled the same until his death, the defendants referring a renter to him after the date of this deed, under which they now claim title, is such evidence as should be submitted to the jury as tending to establish undue influence.

So taking *Wittkowsky* v. *Wasson*, 71 N. C., 451, and *Best* v. *Frederick*, 84 N. C., 176, as the correct exposition of the rule as to no evidence, or no sufficient evidence, to go to the jury, the defendant's exception cannot be sustained. These cases are the leading cases on this question, and go as far or farther than any other cases we have to support the defendants' exception. And they are the cases cited by defendants and relied upon for their contention that there was not sufficient evidence to go to the jury. But, further, it seems to us that defendants' prayer for instructions to the jury admits that there was evidence sufficient to go to the jury, which is as follows:

" The defendants ask the court to charge the jury that all the evidence admitted exclusively as to the issue upon undue influence, such as the relations between Riley and his wife, why they separated, the alleged relations between Riley and Mrs. Hall, and other kindred evidence, was admitted solely upon the issue of undue influence."

So, upon a full consideration of all this evidence and the prayer of defendants, we are driven to the conclusion that it goes far beyond *Wittkowsky* v. *Wasson*, *Best* v. *Frederick, supra,* or any case where it has been held not to be sufficient. It was properly left to the jury, and the court would have committed an error not to have done so.

Defendants complain that there was not sufficient evidence to sustain the finding on the fifth issue as to the payment of two hundred dollars. We do not feel called upon to review the evidence on this question, first, for that it was not made until after verdict, upon a motion

for a new trial, and was therefore too late.   *State* v. *Kiger*, 115 N. C., 746 ; *State* v. *Varner*, 115 N. C., 744 ; *State* v. *Hart*, 116 N. C., 976.   And for the further reason that this finding is not necessary to support the judgment of the court in declaring the deed to the defendants void. ·

But we are of the opinion that defendants are entitled to a credit on plaintiffs' judgment against them of two hundred dollars and interest since September 29, 1887, which seems to be the date of payment.   With this modification the judgment is affirmed.

Affirmed.