### J. R. TORREY & CO. V. THOMAS G. MCCLELLAN ET AL.

#### Delivered November 13, 1897.

**Lien of Hotel-Keeper—Drummers' Samples.**

No lien for the board bill of a drummer is acquired upon a drummer's samples contained in his trunks taken by him to a hotel, where the manager of the hotel knew that such contents did not belong to the drummer, under Revised Statutes, article 3313, giving hotel proprietors a specific lien on all property or baggage deposited with them for the amount of the charges against them or their owners, if guests at such hotel.

APPEAL from the County Court of Kaufman. Tried below before Hon. JOHN VESEY.

*Sam A. Leake* and *Jack & Jack,* for appellants.

*A. S. Lathrop* and *John W. George,* for appellees.

FINLEY, CHIEF JUSTICE.—Appellant, as plaintiff below, brought this suit against Thomas G. McClellan, Hiram K. Brooks, and George W. Loomis, under substantially the following allegations, to wit: Plaintiff is a mercantile firm doing business in the State of Massachusetts, and selling goods in Texas through their traveling salesmen. That one of their traveling salesmen, Frank J. Norvell, came to the St. George Hotel, at Dallas, Texas, as a guest, and brought his sample trunks with him. That the St. George Hotel was at this time a partnership, of which Benjamin F. Taylor and H. K. Brooks were partners. That said Taylor had died before the institution of this suit, and Thomas G. McClellan, of Kaufman County, was the executor without bond. That George W.

Loomis resided in Dallas, Texas. That said hotel company refused to deliver said trunks to plaintiff's salesman upon demand, but turned same over to defendant Loomis, of whom said salesman also demanded possession of same, which demand was not complied with by said Loomis, and plaintiff sued the defendants for the conversion of said property, aggregating the value of $363.17.

The defendant McClellan answered that the said St. George Hotel Company was, at the time of the alleged conversion, and at the time of said Norvell's having gone to said hotel as a guest, a private corporation and not a partnership, hence pleaded that he was not liable as a partner.

The defendant Hiram K. Brooks pleaded a general demurrer and general denial, and adopted the answer of said McClellan as to said St. George Hotel Company being a corporation.

The defendant George W. Loomis filed only a plea in abatement to be sued in Dallas County, Texas, the county of his residence. Also a general demurrer and general denial.

Upon the trial of the case the plaintiff announced in open court that he would no longer seek to recover a judgment against the said McClellan and Brooks by reason of the alleged partnership existing between the said Taylor and Brooks, and confined his efforts to obtaining a judgment against the said Loomis by reason of the conversion set out in the petition. The court overruled defendant Loomis' plea in abatement, to which ruling no exceptions were reserved, and the cause was tried on its merits, and resulted in a verdict in favor of all the defendants. Plaintiff's motion for new trial was overruled by the court, and this appeal duly perfected.

*Opinion.*—The first and second assigned errors are presented together, and attack the verdict and judgment as contrary to the law and evidence. They are as follows:

"1. The verdict is contrary to the law and the evidence, for the reason that the evidence shows without controversy that Frank J. Norvell, the person who left the property in question with the hotel, held same not as its owner in fact, but merely as a bailee, and that the fact of his possessing same was not sufficient authority for him to either sell or mortgage it.

"2. The verdict of the jury was contrary to the law and the evidence, in that the uncontroverted evidence shows that said H. K. Brooks knew at the time said Norvell brought said trunks to the hotel that they were his sample trunks, and that he was a traveling salesman."

The ninth assignment may also be considered in this connection. It complains of the court's giving in charge to the jury this special instruction: "You are instructed that if you believe from the evidence the plaintiff, J. R. Torrey & Co., put it into the power of Frank J. Norvell, their traveling salesman, to assume the appearance of ownership of the property in controversy, and that he did appear to exercise the right of ownership thereof, and that he took said property as baggage to the St.

George Hotel, and after having contracted a bill there for board, washing, and other things properly coming under the head of a hotel bill, to secure the payment of which an innkeeper's lien attached, and in consequence thereof said property was held by said hotel company to satisfy the said hotel bill; and if you further find that said hotel company advertised and sold said property at public sale, as the law requires, to satisfy said lien on said property, and that at said sale said property was sold to said George W. Loomis, he being the highest and best bidder at said sale, then you will find for the said defendant George W. Loomis."

The evidence unquestionably established that the trunks and contents were the property of appellant J. H. Torrey & Co.; that they were put into the possession of Frank J. Norvell to be used by him in soliciting orders for merchandise from appellant. The trunks contained what is known as drummer's samples, which were intended to be exhibited by Norvell to persons of whom he solicited orders, and they were in his possession as a drummer for J. H. Torrey & Co. at the time they were by him carried to the St. George Hotel. The evidence is equally clear that the manager of the hotel, Brooks, and appellee Loomis both knew that the trunks contained drummer's samples to be used by Norvell in soliciting orders for appellant.

The question is, was a lien acquired by the hotel upon the trunks for the board bill of Frank J. Norvell, the drummer?

The statute under which the lien is claimed is article 3318, Revised Statutes, which reads as follows: "Proprietors of hotels and boarding-houses shall have a specific lien upon all property or baggage deposited with them for the amount of the charges against them or their owners, if guests at such hotels and boarding-house."

It will be seen that this statute only gives a lien upon property or baggage deposited in a hotel or boarding-house, for the charges against the *property* or their *owners*, if guests at such hotel or boarding-house.

In the case of Kohn Bros. v. Washer & August, 64 Texas, 131, it was held that a drummer could not convey a legal title by sale of his samples, which were owned by his employers. The fact that he had possession of such samples was regarded as insufficient to show apparent authority to sell.

In McCreary v. Gaines, 55 Texas, 485, it was held that a factor could not incumber with a lien property intrusted to him to be sold upon commission. Possession and power to sell were held not to be sufficient indicia of ownership to form the basis of a lien created in favor of a third person.

In Stott v. Scott, 68 Texas, 302, it was held that a livery stable did not acquire a lien, under the statute, upon a horse placed in the stable to be fed and cared for, by a person other than the owner, who had no authority to so place the horse. In that case the lien was claimed for a charge against the horse, that is, for feeding and caring for the horse, and not for a debt on account of the board of the person who placed the horse in the stable. To the same effect is Dorman v. Green, 4 Will-

son's Cond. Cases, sec. 322. These cases are all primarily based upon the principle, that in dealing with personal property the rule of caveat emptor applies. One who does not possess title to personalty can not convey title to it. Dodd v. Arnold, 28 Texas, 98.

In Robinson v. Baker, 5 Cushing, 137, it was held that a common carrier who innocently received goods for transportation from a person other than the owner, who did not possess authority to deliver the goods to it for transportation, acquired no lien for transportation charges.

In Gibson v. Gwinn, 107 Massachusetts, 126, a lien was claimed upon a leased sewing machine for charges for transporting the same from one part of the city of Boston to another part of the city, at the instance of the lessee. In deciding the question whether a lien was acquired, the court said: "The lessee of the sewing machine had a right of possession until demand of return by the owner; but she had no right of property which she could transfer, and no authority by which she could confer any right of property upon another. She could not, therefore, give the defendant a lien upon the property for its carriage for her convenience and at her request alone. The defendant not having a lien upon the property as against the owner, his possession became wrongful when he refused to surrender it to plaintiff on demand therefor." See also the numerous cases cited in Webb on Record of Title, sec. 247, notes 1 and 2, p. 398.

There is no question of apparent authority in this case, and instead of giving the instruction above set out, the court should have directed a verdict for the plaintiff.

Judgment of the court below is reversed, and the cause remanded.

*Reversed and remanded.*