[No. 5372.   Decided April 20, 1905.]

WERTHEIMER-SWARTS SHOE COMPANY, *Respondent,* v. HOTEL STEVENS COMPANY, *Appellant.*[1]

INNKEEPERS—LIENS—PROPERTY NOT BELONGING TO GUEST— SAMPLES OF TRAVELING SALESMAN—TITLE—EVIDENCE OF NOTICE— ESTOPPEL. Where hotel keepers admit an extensive acquaintance with traveling salesmen for wholesale houses, and their methods of doing business, and never knew of an instance where the salesman owned the samples carried, they are estopped from asserting ignorance of the title to the property, if they failed to make inquiry before extending credit on the faith of the samples, and a finding that they knew that the samples did not belong to the salesman is sustained.

[1] Reported in 80 Pac. 563.

SAME—LIEN AT COMMON LAW—LODGER NOT A GUEST. An inn-keeper's lien upon property brought into a hotel by a traveling salesman cannot be maintained at common law, where he was not a transient guest, but rented rooms by the month as a lodger.

SAME—NO LIEN ON SAMPLES OF TRAVELING SALESMAN. Bal. Code, § 5975, providing for an innkeepers lien upon the baggage or other property of guests, does not give a lien on the samples of a traveling salesman, where the hotel keeper was aware, at the time of giving credit, that the samples belonged to the salesman's employer.

Appeal from a judgment of the superior court for King county, Griffin, J., entered June 4, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of replevin. Affirmed.

*Ballinger, Ronald & Battle,* for appellant.

*Brady & Gay,* for respondent.

FULLERTON, J.—This is an action in replevin, brought by the respondent against the appellant, to recover the possession of two sample cases and one box, each containing samples of boots and shoes, such as are usually carried by a traveling salesman of a wholesale dealer in such merchandise. The respondent recovered judgment in the court below, and this appeal is prosecuted therefrom.

From the record it appears, that the appellant is the proprietor and manager of two hotels, in the city of Seattle, known as the Hotel Stevens and the Hotel Seattle; that on July 1, 1902, one A. M. Somerfield, who was then in the employ of the respondent as a traveling salesman, together with his wife, engaged a room at the Hotel Stevens, at the agreed price of $30.00 per month, and that he continued to occupy the same from that time until October 25, 1902; and that, while Somerfield was stopping at the Hotel Stevens, he engaged a sample room at

the Hotel Seattle, which he occupied for some months, agreeing to pay therefor the sum of $126.90. In the meantime the appellant paid for Somerfield certain laundry bills and telegrams, and advanced him certain sums of money, so that, when Somerfield left the Hotel Stevens, the total amount owing the appellant, after deducting partial payments, was $269.05. At the time Somerfield engaged the rooms of the appellant, he had in his possession the personal property above mentioned, and the same was brought into the sample rooms of the Hotel Seattle, and there used by Somerfield, during the time he occupied the room, in making sales of the respondent's goods. When Somerfield sought to remove the property from the hotel, the appellant seized and detained it, claiming a lien thereon for the amount of Somerfield's indebtedness to it, under the statute giving to hotel keepers and others a lien on the baggage and property of their guests, to secure the payment of their reasonable charges for the accommodations furnished them.

The foregoing facts are undisputed. The court, however, in addition thereto, found that the appellant, at the time it received Somerfield as a guest, had knowledge that this property was the property of the respondent, and this finding is challenged by the appellant as not supported by the evidence. But we think the clear weight of the evidence is with the finding. In fact, no other conclusion can be drawn from the testimony of the appellant's officers themselves. They each admit an extensive acquaintance with traveling salesmen, and their methods of doing business, and say that they never knew of an instance in which a traveling salesman of a wholesale house owned the samples that he carried. This, it is true, may not be evidence that these officers knew who had title to the property in this particular instance, but it does show

knowledge of a custom so universal as to estop them from asserting their ignorance, if they failed to make inquiry as to title before trusting the guest on the strength of his interest in the property.

The statute regulating the liens of hotel keepers, inn-keepers, etc., is as follows:

"Hereafter all hotel keepers, inn keepers, lodging house keepers, and boarding house keepers in this state shall have a lien upon the baggage, property, or other valuables of their guests, lodgers, or boarders brought into such hotel, inn, lodging house, or boarding house by such guests, lodgers, or boarders, for the proper charges due from such guests, lodgers, or boarders for their accommodation, board, or lodging, and such other extras as are furnished at their request, and shall have the right to retain in their possession such baggage, property, or other valuables until such charges are fully paid, and to sell such baggage, property, or other valuables for the payment of such charges in the manner provided in the next succeeding section of this chapter."  Bal. Code, § 5975.

The appellant argues that, under this section, the hotel keeper's lien attaches to all property the guest brings into the hotel, regardless of whom the title to the same may rest in, or of the fact that the hotel keeper knows who holds such title, provided the property is in the rightful possession of the guest, and subjected to his care.    To support its contention the appellant cites, Schouler, Bailments and Carriers, § 326, and *Manning v. Hollenbeck*, 27 Wis. 202.  These authorities maintain that at common law an innkeeper had a lien upon the property of his guest, to secure his reasonable charges, even where the innkeeper knew that the property belonged to a third person, and that the guest himself had only a bailee's interest therein, provided that the innkeeper received the property on the faith of the innkeeping relation.  Whether this is

the general rule, as applied in this country, we think may be fairly doubted. *Cook v. Kane,* 13 Or. 482, 11 Pac. 226, 57 Am. Rep. 28; *Covington v. Newberger,* 99 N. C. 523, 6 S. E. 205; *Singer Mfg. Co. v. Miller,* 52 Minn. 516, 55 N. W. 56, 38 Am. St. 568, 21 L. R. A. 229.

But the question is not material here. The appellant's rights are to be measured by the statute, and not by the common law rule. At common law there was no lien on the part of an innkeeper for such accommodations as the appellant furnished to Somerfield. An innkeeper was allowed a lien at common law only where he furnished accommodations to a guest proper—that is, one "entertained from day to day, as it were, coming and going as he pleases, being transient, and having no bargain for a fixed time"— but was not allowed a lien for furnishing accommodations to a mere lodger, as Somerfield was in this instance.

Turning to the statute, it will be observed that a lien is given to hotel keepers "upon the baggage, property, or other valuables of their guests, . . ." It is not extended to the property of third persons, even though such property be brought into the hotel by the guest, and the hotel keeper be ignorant of its true ownership. It may be that were the property such as a guest ordinarily carries, and the hotel keeper entertained him on the faith of such property, in ignorance of its true ownership, that the lien would attach, but this is as far as the rule could extend. There can be no lien under the statute where the hotel keeper knows that the property in possession of the guest is not the guest's property, but is the property of a third person.

The cases generally, where like and similar statutes have been construed, lay down the foregoing rule. In *McClain v. Williams,* 11 S. D. 227, 76 N. W. 930, 74 Am. St. 791, 49 L. R. A. 610, it was held that a statute giving

an innkeeper a lien on the property "belonging" to a guest, did not give a lien on property in possession of the guest belonging to a third person.   The court also held that to give a lien for the board of a guest, on a third person's property loaned or leased to the guest, would be depriving one of his property without due process of law.   On this last question, however, the supreme court of Iowa has laid down a different rule.   See, *Brown Shoe Co. v. Hunt,* 103 Iowa 586, 72 N. W. 765, 64 Am. St. 198, 39 L. R. A. 291.

In *Torrey & Co. v. McClellan,* 17 Tex. Civ. App. 371, 43 S. W. 64, it was held that a statute reading as follows:

"Proprietors of hotels and boarding-houses shall have a specific lien upon all property or baggage deposited with them for the amount of the charges against them or their owners, if guests at such hotels and boarding-houses,"

did not give a hotel keeper a lien on samples carried by a traveling salesman, belonging to his employer, for the bill of the salesman incurred for board and lodging at the claimant's hotel.

In *Wyckoff v. Southern Hotel Co.,* 24 Mo. App. 382, it was held that a statute giving an innkeeper a lien on the "baggage and other valuables of the guest," did not give a lien upon goods of a third person, taken to the inn by the guest.

The only other case called to our attention involving this question where a statute was construed is *Brown Shoe Co. v. Hunt, supra.*   It was there held that a statute giving to innkeepers a lien on all property "belonging to, or under the control of their guests," was sufficiently broad to include samples brought to a hotel by a traveling salesman, although the innkeeper knew, at the time he received the salesman as a guest, that the samples did not belong to him, but belonged to his employer; the court hold-

ing, as before remarked, that such a statute did not deprive the owner of his property without due process of law. This case, however, is distinguishable from the case at bar, and those last above cited, in that the statute construed expressly provides for a lien on the pronerty of third persons, while the others do not so provide.

The conclusion reached renders it unnecessary to discuss the other errors assigned. The judgment is affirmed.

Mount, C. J., Hadley, and Dunbar, JJ., concur.

Rudkin, Root, and Crow, JJ., took no part.