[No. 20658.   Department Two.   October 18, 1927.]

ALEXANDER SMITH, *Respondent,* v. DORCHESTER HOTEL COMPANY *et al., Appellants.*[1]

[1] INNKEEPERS (1, 3)—WHO ARE GUESTS OR LODGERS—LIABILITY FOR LOSSES. Findings that plaintiff was not a "lodger," but was a "guest" at a hotel, rendering the landlord, keeping no safe, liable under the statute for the loss of effects stolen from the room, are not sustained, where it appears that plaintiff had left his home owing to family troubles resulting in a divorce, and lived at the hotel for four months, paying a weekly rate less than the day rate, and had no other permanent abode during that time.

Appeal from a judgment of the superior court for King county, Hall, J., entered October 23, 1926, upon findings in favor of the plaintiff, in an action to recover effects stolen from the room of an alleged guest in a hotel. Reversed.

*Crandell & Crandell,* for appellants.
*Beardslee & Bassett,* for respondent.

ASKREN, J.—The respondent, a married man, was living with his family on 10th avenue, in the city of Seattle, for some time prior to November 2, 1925. About that time, because of marital difficulties which later culminated in a divorce suit brought by his wife, he left the family residence and registered at the Dorchester Hotel, run by appellants. He was a butcher by trade, and at the time was employed by the Renton Hill Market. He was assigned a room in the hotel. This room was regularly rented at a dollar and a half per night, but he was given a rate of nine dollars per week. Later he was assigned to a different room.

On the 5th of February, 1926, the room occupied by him was entered and respondent claims to have lost

[1] Reported in 259 Pac. 1085.

thereby two hundred and forty-five dollars in cash, and some articles of wearing apparel. He continued to reside at the hotel for several weeks thereafter, and continued in the same employment, when he moved to another hotel. In the meantime, the wife had filed her divorce action, and on January 22, 1926, after hearing, the court entered its interlocutory decree in favor of the wife, and confirmed a property settlement agreed to between the parties, which gave to the wife, as her sole and separate property, the home on 10th avenue.

In April, 1926, respondent brought this action to recover for the loss of cash and personal property stolen from his room on February 5. The trial court entered judgment for respondent and this appeal resulted.

It is urged that the court erred in finding value and ownership of the property and cash removed, but we need not consider these questions.

[1] The sole ground upon which recovery was allowed was based upon the fact that respondent was a guest at the hotel, and not a lodger. It is conceded by both parties that this point is decisive of the case, for the hotel kept no safe or vault for the valuables of its guests, so that it might be exempted from liability by complying with the statute. *Gillett v. Waldorf Hotel Co.*, 136 Wash. 615, 241 Pac. 14.

It is difficult, if not impossible, to lay down a set rule as to what circumstances make the distinction between a guest and a lodger. It is only by collating the facts in a given case that we can find an answer to the question.

"It is sometimes difficult to draw the line between guests and boarders. They frequently run into each other like light and shade. So the line between a common carrier and a bailee to carry is sometimes scarcely perceptible; but the law makes the distinction, and it

is the province of the judge to draw the line. A transient customer at an inn, although he be not a traveler or stranger, is considered as a guest; a lodger, who sojourns at an inn, and takes a room for a specified time, and pays for his lodging on a special agreement, as by the month or week, is a boarder: *Bennett v. Mellor*, 5 T. R. 273.'' *Neal v. Wilcox*, 4 Jones' Law 146, 67 Am. Dec. 266.

The distinction is attempted to be pointed out in 14 R. C. L. 500, as follows:

''8. Distinction between Guest and Boarder or Lodger.—It is difficult to define with precision who is a boarder as distinguished from a guest. It is rather a question of fact in each case to be ascertained by a consideration of all the circumstances thereof. There are, however, certain facts which tend to fix one's relation with the keeper of an inn or hotel. A guest is one who is transient, that is, free to go and come at pleasure, and who does not sojourn in the inn for a specified time or permanently. But the mere fact that one is transient does not necessarily determine his status to be that of guest, and one may be a boarder if the other circumstances of his entertainment so characterize him, although he is free to leave at any time. Another circumstance distinguishing a boarder from a guest is that the latter is usually entertained from day to day without any express contract, whereas the boarder contracts for a definite period and for a fixed sum, and usually pays by the month or week. It must be borne in mind, however, that these circumstances are but evidence and not inflexible rules, and that if one retain his character as a traveler, he may be a guest although his stay is not transient. Neither the length of time that a man remains at an inn, nor any agreement that he may make as to the price of board per day or per week, will deprive him of his character as a guest, provided in other respects he does not lose his status as a traveler. But as to those persons who are not strictly travelers, the rule seems to be that they must be transient, and must be entertained without any special agreement, and for no fixed

time, to be classed as guests and not boarders, and that one who comes to an inn or hotel under a special contract to board and sojourn there, and who, for the time being, makes it his home, is a boarder. So a lodger has been defined as one who, for the time being, has his home at his lodging place."

To the same effect is 32 C. J. 537.

So that it will be seen that the length of stay, the special contract for the room, the existence of a home elsewhere, are all necessary and material, but not altogether controlling factors in the question.

The facts in this case clearly demonstrate to our minds that the respondent was a lodger. If it be conceded that, when he left the family residence on November 2, 1925, it was still his home because he might return there at any time prior to the divorce, still he did not have any home after the divorce decree of January 22, 1926, except the home which he maintained at the hotel of appellants. His stay was not transient in the sense that it is ordinarily used to denote a guest. He was stopping at the hotel, making it his home until such time as he should, for any reason, determine to move to another place. He had a special contract for his room paying therefor at a weekly rate less than the day rate. He lodged at the hotel for a period of approximately four months.

Our conclusion herein upon the facts comports with the rule stated in our own decisions upon the question.

In *State v. Johnson,* 4 Wash. 593, 30 Pac. 672, the defendant was charged with burglary consisting of entering in the night time the dwelling house of one Bradley. The evidence disclosed that Bradley was living at a hotel and boarding house known as the Central House; that Bradley was a resident of the city and occupied a room at the hotel for which he paid a weekly rental in advance; that he kept his clothes there

and had no other place of abode. It was urged that Bradley was a guest at the hotel, and that the information should not have alleged it to be his dwelling house. We decided that the facts showed him not to be a guest, but a lodger. See, also, *Wertheimer-Swartz Shoe Co. v. Hotel Stevens Co.*, 38 Wash. 409, 80 Pac. 563, 107 Am. St. 864, 3 Ann. Cas. 625.

Judgment reversed.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.