PATE HOTEL COMPANY, OWNER OF GREYSTONE INN, AND W. H. PATE, MANAGER OF GREYSTONE INN, v. H. BLAIR AND WIFE, MRS. H. BLAIR.

(Filed 12 December, 1934.)

**Innkeepers B a—**

Under the facts of this case, a hotel keeper's lien for charges, C. S., 2461, *is held* not to attach to an automobile belonging to a third person which was brought to the hotel by the guest.

APPEAL by plaintiffs from *Harris, J.,* at May Term, 1934, of NEW HANOVER.

Civil action to enforce innkeeper's lien on automobile brought by defendants to plaintiffs' hotel.

The defendants were guests at plaintiffs' hotel at Carolina Beach during the month of July, 1933. In addition to certain baggage, they had in their possession a Ford automobile which was kept, during their stay, on the hotel property just outside the window of the room occupied by defendants. They attempted to leave without paying board and lodging bill of $93.75. The plaintiffs attached the baggage and automobile as the property of the defendants.

The Rose Investment Company and Ike W. Wright intervened and established title to the automobile; whereupon the court released said automobile from the attachment and alleged lien of the plaintiffs. From this ruling the plaintiffs appeal.

*John W. Hinsdale for plaintiffs.*
*Carr, Poisson & James for intervenors.*

STACY, C. J. It is provided by C. S., 2461, that every hotel or innkeeper who furnishes hotel accommodations to any person shall have a lien upon "all baggage or other property of such person . . . brought to such hotel" or inn, until all reasonable charges for such accommodations have been paid. The lien, however, would not attach to an automobile, the property of a third person, brought to the inn by the guest under circumstances disclosed by the present record. *Covington v. Newberger,* 99 N. C., 523, 6 S. E., 205; *Cook v. Kane,* 13 Or., 482, 57 Am. Rep., 28, and annotation.

Affirmed.