Adlow, J.
This is an action of tort for conversion, in which the plaintiff seeks to recover for one Underwood typewriter alleged to be the property of the plaintiff, and which the defendant now holds claiming a lien on same for his charges as innkeeper. The case originally was submitted on an agreed statement of facts, which follows:
“The typewriter, which is the subject matter of the suit, was rented by one Jacob Fisher from the plaintiff on October 12,1935, under the terms of a written lease, a copy *601 of which is hereto annexed and herein incorporated by reference. The lease called for a rental of $3.00 per month, payable in advance, but said Fisher was permitted to take the typewriter upon the payment of $1.00 on account of the first month’s rent. Fisher at some time thereafter brought the typewriter to the Parker House, a hotel located in Boston and owned and operated by the defendant. No further payments were made to the plaintiff under the lease.
• “The records of the Parker House disclose that the said Fisher registered as a guest at said hotel on 'September 22, 1935, and that the room was given up on October 28, 1935. On October 28, 1935, there was due to the hotel the sum of $112.02 for room, restaurant, and miscellaneous charges as per the itemized bill, a copy of which is hereto annexed and herein incorporated by reference.
“On examination of the articles left in the room when the said Fisher left the hotel, the agents of the Parker House found the typewriter in question. The hotel took possession of the articles found, including the typewriter, under claim of lien for the unsatisfied charges. The defendant had no knowledge as to the ownership of the typewriter, and the plaintiff’s interest therein did not become known to the defendant until several days after the guest left the hotel. After several requests by the plaintiff for the return of the typewriter, formal demand for its return was made by the plaintiff upon the defendant on December 17,1935. The defendant declined to give up the typewriter until the charges due it had been paid, claiming a lien thereon. The "balance due still remains unpaid. The value of the typewriter is agreed to be $40.00.”
The plaintiff filed requests for rulings which in effect called upon the court to rule, that the title to the goods remained in the plaintiff; that there was a default in the con *602 tract between the guest to whom the typewriter was rented and the plaintiff from its very inception; that the defendant can have no lien on goods which are not the property of the guest, and that no lien can attach to goods brought to a hotel subsequent to the time when the guest registers there as a guest.
With respect to the alleged default in the agreement the court found that the plaintiff had waived its right to the $3.00 payment in advance and found for the defendant generally.
In the case of innkeepers, the common law has made an exception to the rule that’ a lien can only be created by the owner or by some person authorized by him. Where innkeepers are involved the party bringing goods to an inn has been treated as an agent of the owner for purposes of sustaining the lien. Hollingsworth v. Dow, 19 Pick. 228, 230. In some jurisdictions an innkeeper has been given a lien against goods brought to an inn by a thief. York v. Grenaugh, 2 Raymond’s Reports 866.
There are some decisions which even support a lien under circumstances where the innkeeper knew that the property in the goods was in someone other than the guest.
11 The Times L. R., 569. But generally, knowledge by the innkeeper that the property was in another was sufficient to defeat the innkeeper’s lien. Broadwood v. Granara, 10 Exchange 417. Threfall v. Borwick, L. R. 7 Q. B. 711. Cook v. Kane, 13 Ore. 482. Covington v. Newberger, 99 N. C. 523.
The rule generally accepted has been that an innkeeper has a lien on property brought by a guest, even though the right of possession was in a third party, provided the inn-. keeper was unaware of that fact. Jones v. Morrill, 42 Barb. (N. Y.) 623. This rule rests upon the principle that since the innkeeper is compelled by law to receive a guest and *603 his goods, he shall have a lien on such goods as he is bound to receive, whether owned by the guest or not.
It is contended by the plaintiff that this rule has been modified by Gen. Laws, Ch. 255, §35, which provides: “As against a conditional vendor or lessor or person claiming under him the lien of a bailee of the vendee or lessee or person claiming under him on property exceeding $20 in value for consideration furnished without notice of the conditional sale or lease shall prevail; provided that the property was delivered to the bailee prior to the breach of any condition of the sale or lease.” We are not prepared to state whether this statute applies to innkeepers’ liens and do not undertake to do so in view of the fact that the court’s finding of facts clearly make such determination unnecessary. The court has found that the plaintiff waived any default in the agreement of renting. There was ample evidence to warrant such a finding. Holsworth v. Tucker, 143 Mass. 374. Rogers v. Rogers, 139 Mass. 440.
Under these circumstances, a consideration of the statute becomes immaterial and the ordinary common law principles should apply.
Report dismissed.