WILLIAM T. WILKINS et al. v. JOSEPH SUTTLES.

*Action to Recover Land—Pleading—Estoppel—Counter-claim for Substantive Relief—Nonsuit—Practice.*

1. One who enters into a tract of land under a written contract of purchase is a tenant at will of the bargainor, and is estopped from denying the latter's title in an action of ejectment against him to recover possession.

2. If, after an estoppel has arisen, the existence of the contrary fact is averred by one of the parties, the other may show it by pleading it if it be not already apparent on the record; but if, having the opportunity to do so, he fail to plead and rely upon it, and answer to the fact and again put it in issue, the estoppel, when offered in evidence, loses its conclusive character and may be repelled by opposite proof. Where, however, the pleadings are general, as in actions of ejectment, etc., the party having no opportunity to plead it, the estoppel retains its exclusive character, and the jury must find according to it.

3. In an action for the recovery of land the complaint, instead of being general, as usual, alleged that the defendant entered into possession under a contract of purchase with plaintiff's ancestor and, therefore, as his tenant, but never complied with the terms of the purchase; and the defendant answered that his father entered under a contract of purchase with plaintiff's ancestor and paid the purchase-money, and that, after the death of defendant's father, the plaintiff's ancestor fraudulently procured the defendant, in ignorance that the land had been paid for, to make a new contract of purchase; the plaintiff replied, denying that the purchase-money had been paid, as alleged in the answer, and denying the allegation of fraud, but did not plead that defendant was estopped to deny that he was plaintiff's tenant by reason of defendant's occupation of the land under the contract of purchase: *Held*, that the Court properly submitted the single issue as to the controverted fact whether defendant's father had paid for the land.

4. Where the defendant, in an action to recover land, sets up a counterclaim for substantive relief the plaintiff is not entitled to take a nonsuit.

CIVIL ACTION to recover land, tried before *McIver, J.*, and a jury, at Fall Term, 1893, of RUTHERFORD Superior Court.

The complaint was as follows:

"1. That they are the owners and are entitled to the immediate possession of a tract of land lying in Rutherford county, N. C., joining lands of William Miller, James Roberts and others, where defendant now lives, containing about thirty-three acres.

"2. That defendant and those under whom he claims entered into possession of said tract of land by contract of purchase from one J. H. Wilkins, an ancestor of plaintiffs, S. J. Tillinghast and W. T. Wilkins.

"3. The only title defendant has, as plaintiffs are informed and believe, is that derived from said J. H. Wilkins by contract of purchase.

"4. That plaintiffs and defendant both claim title to said land under and through said J. H. Wilkins.

"5. That defendant has failed to comply with his part of

the contract of purchase above alleged by failing to pay the purchase-money agreed.

"6. That the continued possession of defendant is wrongful: Wherefore plaintiffs demand judgment for possession of said land, for damages and costs of this action, and for such other and further relief as the nature of the case requires."

The defendant, after denying absolutely allegations 1 and 6 of the complaint, and the others as stated therein, for further defence said:.

"1. That on or about the __ day of ....., 1855, Isaac Suttles, father of this defendant, entered into possession of the land described in the complaint under a contract of purchase with the ancestor of plaintiffs, J. H. Wilkins, and said Isaac Suttles in his life-time fully paid said J. H. Wilkins the purchase price of said land, and in all respects complied with his part of the said contract, and the said J. H. Wilkins failed and neglected to perform his part of the said contract and failed to make title to the said Isaac Suttles as he had contracted to do, but received the full purchase price of said land, to-wit, $150, before the death of said Isaac Suttles, to-wit, about 1860.

"2. That said Isaac Suttles is dead, and Joseph Suttles, the defendant, and others are his only heirs at law.

"3. That Isaac Suttles, by reason of the above-mentioned contract and the performance of the said Suttles' part of same, became the owner of a complete equity in said land and was entitled to have a deed executed to him by J. H. Wilkins.

"4. That, after the death of the said Isaac Suttles and after his interest in said land had descended to his heirs at law, J. H. Wilkins fraudulently procured this defendant to enter into a contract to purchase said land, this defendant not then knowing that the said Isaac Suttles, ancestor

of defendant, had fully paid the said J. H. Wilkins for said land and was entitled to have a deed executed to him for same.

"5. That, since the facts of the defendant's ancestor's contract of purchase of said land and his paying for same came to this defendant's knowledge, this defendant has refused to pay for said property again, and this defendant and his father under whom he claims said land have been in possession, claiming said land as their own, since about 1855.

"6. That said contract of purchase between J. H. Wilkins and Isaac Suttles is lost and can be proven only by parol testimony.

"7. That this defendant and his ancestor have put valuable and permanent improvements on said land under a *bona fide* claim of ownership.

"Wherefore defendant prays judgment that the plaintiffs, heirs at law of J. H. Wilkins, be required to execute a title in fee-simple to said tract of land and to this defendant.

"Or that the plaintiffs be required to pay this defendand other heirs of Isaac Suttles, $150 paid by Isaac Suttles, and interest on same from 1860 until date, together with $300, the value of the permanent improvements placed on said premises by the defendant."

The plaintiffs' replication was as follows:

"1. In replication to paragraph 1 plaintiffs admit that the defendant came into possession of the land in dispute under contract of purchase made by his father from one J. H. Wilkins, the ancestor of plaintiffs and the person under whom they claim, the defendant renewing said contract of purchase in writing, but they deny that the defendant or those under whom he claims ever paid for said land or any portion of the purchase-money, and the same is still due and owing.

" 2. The second and sixth paragraphs are admitted.

" 3. The third, fourth and fifth paragraphs are denied.

" 4. The seventh paragraph is not true. If defendant or those under whom he claims have made any improvements whatever upon said land they are not worth near so much as the rental value of land. Plaintiffs aver and allege that the rental value of the said land is worth much more than the improvements, and demand judgment for $500 and damages."

The plaintiffs tendered the following issues:

" 1. Are plaintiffs the owners of and entitled to the possession of the land described in the complaint?

" 2. Did defendant enter into or get possession of said land by and under contract with plaintiffs' ancestor, J. H. Wilkins?

" 3. Has defendant complied with or fulfilled his part of said contract?

" 4. Is defendant wrongfully withholding the possession of said land from plaintiffs?

" 5. What damages, if any, are plaintiffs entitled to?"

The defendant tendered the following issues:

" 1. Did Isaac Suttles, the ancestor of defendant, pay J. H. Wilkins, ancestor of plaintiffs, in accordance with contract of sale referred to in paragraph 6 of further answer and admitted by plaintiff?

" 2. Did Joseph Suttles, at the time he entered into contract of purchase with J. H. Wilkins, as alleged in complaint, have actual or constructive knowledge of the prior contract between J. H. Wilkins and Isaac Suttles, and that said contract had been complied with?"

The Court submitted the following issues, to which the jury responded as follows:

" 1. Did Isaac Suttles, the ancestor of defendant, pay J. H. Wilkins, ancestor of plaintiffs, in accordance with the

contract of sale referred to in paragraph 6 of further answer and admitted by plaintiff? Answer, Yes.

"2. Is the plaintiff entitled to the possession of the land in controversy? Answer, No.

"5. What damages, if any, are plaintiffs entitled to recover? Answer, ____."

During the trial, and after part of the testimony was in, the Court intimated that the defendant was not estopped by his contract of purchase from J. H. Wilkins, ancestor of plaintiffs, from claiming title as an heir at law of his father, Isaac Suttles, and stated if the jury responded "Yes" to the first issue it would direct them to answer the second "No," but if the answer to the first issue be "No" it would direct them to answer the second "Yes." Plaintiffs excepted.

The plaintiffs thereupon asked to be allowed to take a nonsuit. The defendant claimed the right to have the issues answered by the jury, as he had asked for affirmative relief in his further answer. To this plaintiffs objected. Objection overruled. Plaintiffs excepted.

The Court then instructed the jury that if they believed the evidence they should answer the first issue "Yes" and the second "No." Plaintiffs excepted. The jury responded "Yes" to the first issue and "No" to the second.

From the judgment for the defendant the plaintiff appealed.

*Messrs. Forney & Gallert,* for plaintiff (appellant).
No counsel *contra.*

MACRAE, J.: "Where a person enters into a tract of land under a written contract to purchase it, he becomes a tenant at will to the bargainor and is estopped from denying his title in an action of ejectment brought against him to recover the possession." *Dowd* v. *Gilchrist,* 1 Jones, 353.

"An estoppel is the conclusive ascertainment of a fact by the parties, so that it no longer can be controverted between them.   It is not solely the result of the act of the parties themselves, but may be by the adjudication of a Court appointed to try the facts.   After an estoppel has thus arisen if the existence of the fact contrary to it is averred by one of the parties the other may show it by pleading if it be not already apparent upon the record, and pray judgment if it shall be controverted.   But if the party seeking the benefit of the estoppel will not rely upon it, but will answer to the fact and again put it in issue, the estoppel, when offered in evidence to the jury, loses its conclusive character, becomes mere evidence and like all other evidence may be repelled by opposite proof, and the jury may, upon the whole evidence, find the truth.   This is the rule only in cases where the party relying upon it has had an opportunity of pleading it as an estoppel and does not do so, but takes issue on the fact.   Where he has no opportunity of pleading it as an estoppel, as in actions of ejectment and others where the pleadings are general, there the estoppel retains its exclusive character and the jury must find according to it.   This is common learning and common sense; by departing from it we are involved in many difficulties and absurdities."   *Woodhouse* v. *Williams,* 3 Dev., 508.   It will be observed that the pleadings in this case are not general as in the old action of ejectment, or as they may be now in an action for the recovery of the possession of land; but the plaintiff undertakes in his complaint to set out not only that he is the owner and entitled to the possession of the land described, but he goes further and alleges that the defendant entered into possession of the land under contract of purchase with the plaintiff's ancestor and, therefore, as his tenant, and that he has never complied with his contract and paid for the land.

The defendant in his answer sets. up as a defence to the action that his (defendant's) father, Isaac Suttles, in 1855 entered under a contract of purchase with the plaintiff's ancestor, now deceased, and that the purchase-money was fully paid in the life-time of his father, and that the defendant and others are heirs of said Isaac Suttles; that after the death of said Isaac Suttles the plaintiff's ancestor fraudulently procured this defendant, in ignorance that his father had already paid for it, to make a new contract to purchase the land.

The plaintiff in his reply admits the contract between Isaac Suttles and plaintiff's ancestor for the purchase of the land, and denies that the defendant or those under whom he claims ever paid for the land or any portion of the purchase-money, and alleges that the same is still due and owing, and denies the allegations of fraud and all other material allegations of the answer. But the plaintiff does not plead that the defendant is estopped to deny that he is the plaintiff's tenant by reason of his occupation of the land under the contract of purchase; he joins issue on the facts alleged by the defendant as his ground for substantive relief and thereby submits to the jury to pass upon the truth of the matter.

Such being the state of the pleadings, his Honor submitted the single question whether Isaac Suttles had paid for the land, upon which the answer to the other two issues depended.

If the estoppel had been pleaded it would have been proper to have submitted the second issue tendered by defendant, for an affirmative response to this issue would have relieved him from the estoppel. In view of the admissions of the parties the issues submitted seem to have covered all their contentions.

Upon the intimations of his Honor the plaintiff asked to be allowed to take a nonsuit, which was denied.

The defendant had set up in his answer a counter-claim for substantive relief. In this class of cases there is the exception to the general rule, as stated in *Bank* v. *Stewart*, 93 N. C., 402, that the plaintiff may submit to a nonsuit at any time before verdict. *Bynum* v. *Powe*, 97 N. C., 374.

No Error.