MATTHEW HOWARD v. DEVEREUX TURNER.

(Decided October 31, 1899.)

*Deed—Want of Consideration—Fraud—Undue Influence—*
*Intimidation—Burden of Proof.*

1. With the exception contained in the statute of frauds in favor of creditors and *bona fide* purchasers without notice, a deed will convey land without any consideration.

2. The want of consideration does not of itself constitute fraud, but may be shown as evidence of it, to be considered along with other pertinent circumstances.

3. The general rule is that he who alleges fraud, undue influence or intimidation, must prove it.

4. Where special instructions are desired, they must be asked for.

CIVIL ACTION to set aside a deed for want of consideration and alleged fraud and intimidation, tried before *Bryan, J.,* and a jury at March Term, 1899, of ORANGE County.

The complaint alleged a want of consideration, and false representations and threats of prosecution by the defendant towards the plaintiff.

The answer denied the allegations of the complaint. Both parties testified, and each contradicted the other, and sustained by his evidence the allegations of his own pleadings.

Two issues were submitted to the jury. One as to the want of consideration; the other as to the intimidation.

There were no special instructions asked by either side.

Among other things, his Honor instructed the jury that the burden of proof of both issues rested upon the plaintiff.

Plaintiff excepted.

The jury found that there was no consideration and no intimidation. Both sides claimed the judgment of the Court.

His Honor adjudged that the defendant go without day, and this action is dismissed.

Plaintiff excepted, and appealed to the Supreme Court.

*Mr. J. W. Graham,* for plaintiff (appellant).
*Mr. C. D. Turner,* for defendant.

FURCHES, J. In 1894, the plaintiff bought a lot in the town of Hillsboro, at public sale, for $75, paid $25 thereon, gave two notes of $25 each for the balance of the purchase money, on one of which notes he has since paid $10, and has paid nothing more.

On the 1st day of September, 1896, the plaintiff executed a deed to the defendant, Devereux Turner, conveying said lot to him, and this action is brought to set aside and cancel that deed. The plaintiff asks this relief upon two grounds: First, that said deed was made without consideration, and, secondly, that it was made through fraud and undue influence. These allegations were denied by the defendant, and the following issues were submitted to the jury:

"1. Was the deed from plaintiff to defendant obtained without valuable consideration?

"2. Was the deed procured by threats or alarm excited in the mind of the plaintiff by the defendant?"

The jury answered the first issue "Yes," and the second "No."

Upon the coming in of the verdict of the jury, both parties moved the Court for judgment. The Court declined to give the plaintiff judgment, and signed judgment for the defendant. This constitutes the ground of plaintiff's first exception.

There were no special instructions asked by either side. But the Court instructed the jury that the burden of establishing the affirmative of both these issues was upon the plaintiff; and this forms the grounds of plaintiff's second exception.

Neither one of the exceptions can be sustained.

It was insisted for the plaintiff that the jury having found that the deed from plaintiff to defendant was without consideration, this fact alone raised an equity in favor of the plaintiff sufficient to set aside the deed. But we do not think so. A deed in proper form is good, and will convey the land described therein without any consideration. This seems to be settled law in this State. *Ivey v. Granberry,* 66 N. C., 223; *Moseley v. Moseley,* 87 N. C., 69; *Souther v. Hunter,* 93 N. C., 310.

A court of equity will set aside a deed for want of consideration where creditors of the grantor are interested, or where there is a subsequent purchaser for valuable consideration without notice of the former conveyance. But this is under the statute of frauds, which does not apply in this case. The want of consideration may be shown as evidence of fraud, although the lack of consideration does not of itself constitute fraud. And the Court might have instructed the jury that, if they found there was no consideration, they

might consider this fact as an evidence of fraud in passing upon the second issue. *McLeod v. Bullard,* 84 N. C., 515. But the Judge was not requested to so charge, and, if he did not, it must be considered as a mere omission—an inadvertence for which we can not give a new trial.

The second exception is also untenable. The general rule is that he who alleges fraud, undue influence or intimidation, must prove it. *Bank v. Gilmer,* 116 N. C., 684; *Hodges v. Lassiter,* 96 N. C., 351. And we see nothing in this case to take it out of the general rule.

There was no relation of trust or confidence existing between the parties; nothing that was calculated to give the defendant any special influence over the plaintiff; nothing that was not common to any other person. There was evidence tending to show that defendant procured the execution of the deed through fraud and intimidation, but this was denied by the defendant, and the jury sustained his denial and say that it was not secured by such means.

If the jury had sustained the plaintiff's contention and found the second issue in the affirmative, the Court would set aside and vacate the deed. But as the jury has sustained the defendant upon this issue, we can not do so.

There is nothing in the case to take it out of the general rule, or to change the *onus* and put it upon the defendant.

The judgment is affirmed.