R. T. HEATON ET UX. v. J. M. KILPATRICK.

(Filed 6 June, 1928.)

**1. Railroad—Right of Way—Width of Right of Way.**

Where in an action of trespass, involving the title to mineral interests in land, the question depends upon the location and width of a railroad's right of way, as to whether it extended beyond the present location of its roadbed under a grant or deed, the presumption is that the right of way extends to the width specified in the charter of the railroad, in the absence of any restrictions contained in the deed to the railroad company.

**2. Same.**

The presumption that the right of way of a railroad company extends to that given in its charter is aided by the provisions in the grant allowing the owners to cultivate the lands, under certain conditions, to that not required for railroad purposes.

**3. Evidence—Parol or Extrinsic Evidence—Parol Evidence Not Admissible Where Deed is Not Ambiguous.**

Where a deed is not ambiguous, extrinsic evidence is not admissible to contradict, modify, or confirm its terms.

**4. Trial—Nonsuit—Refusal of Motion of Nonsuit on Conflicting Evidence Not Error.**

A judgment as of nonsuit will not be granted when there is evidence to support the contentions of the adversary party.

APPEAL by defendant from *Deal, J.,* at January Term, 1928, of CHEROKEE. No error.

Action for trespass, involving title to land. From judgment on an adverse verdict, defendant appealed to the Supreme Court.

*D. Witherspoon and Dillard & Hill for plaintiffs.*
*M. W. Bell and J. N. Moody for defendant.*

CONNOR, J. Plaintiffs are the owners of a tract of land, situate in Cherokee County, North Carolina. The right of way of the Southern Railway Company runs over and across said tract of land. Defendant is the owner of all the talc and other minerals on and under the surface of that part of the said tract of land which lies northwest of the right of way of the Southern Railway Company. He does not own the talc and other minerals on or under the surface of so much of said tract of land as is included within the said right of way. The southeast boundary of the land on and under which defendant owns the talc and other minerals is the northwest boundary of said right of way. The questions arising out of the controversy between plaintiffs and defendant involve the location of the northwest boundary of said right of way.

Plaintiffs allege that this boundary is located one hundred feet from the center of the track of the Southern Railway Company, as the same passes over and across its right of way located on the tract of land owned by the plaintiffs. This allegation is denied by defendant. He contends that the right of way of the said railway company includes only so much of said tract of land as is actually occupied and used by said railway company for its track, and for the ditches on each side of the track.

There was evidence tending to show that defendant had entered upon the tract of land owned by plaintiffs, on the northwest side of the railroad track, and within one hundred feet from the center of said track, and that he had removed therefrom talc and other minerals, claiming that he owned the same, for that said talc and other minerals were on and under the surface of that part of the tract of land owned by plaintiffs which lies northwest of the right of way of the Southern Railway Company.

The determinative question, therefore, is, what is the width of the right of way of the Southern Railway Company, as the same is located upon the tract of land owned by the plaintiffs?

Plaintiffs offered in evidence a deed executed in 1883 and recorded prior to the deeds under which plaintiffs and defendant, respectively, claim, by which the then owner of said tract of land conveyed to the Western North Carolina Railroad Company "the right of way" for said railroad company over said tract of land, excepting, however, "all the minerals and metals, and the right to cultivate up to the road bed, where the same is not used by the company, or needed for railroad purposes, and does not injure the interest of the company." No words appear in said deed, fixing definitely, and with certainty the width of the right of way thereby granted and conveyed. It is manifest, however, from the words used in the exception that the said right of way included more than the road bed, and extended some distance, at least, on either side of the same. Otherwise, the exception would be meaningless, at least for all practical purposes. If the deed is susceptible of construction, the courts will look to all of its provisions in order to determine its effect.

For the purpose of making certain that which under the deed is uncertain, plaintiffs offered in evidence certain provisions of the charter of the Western North Carolina Railroad Company, chapter 228, Laws 1854-55. These charter provisions are to the effect that in the absence of restrictions in a deed for a right of way over land conveyed to said company, the width of such right of way is two hundred feet, that is, one hundred feet on each side of the track.

Defendant's objection to the introduction of this evidence was properly overruled. Plaintiffs do not repudiate the deed by which the right of way over and across their land was conveyed, nor do they rely upon

the statutory presumption as to the source of title to said right of way. *Hickory v. R. R.,* 137 N. C., 189, cited in defendant's brief, has no application. The principle upon which plaintiffs rely in support of the competency of this evidence is stated by *Brogden, J.,* in *Wearn v. R. R.,* 191 N. C., 575, as follows:

"The law of North Carolina as declared in many decisions is to the effect that if a railroad company enters upon land under a deed or grant from the owner which purports to convey an unrestricted right of way and no definite quantity or width of land is specified, and thereafter constructs its road thereon, then it is presumed that the owner has granted to the company the width designated in the charter or in the general statute. This statutory presumption, therefore, applies; (1) in the absence of a contract between the parties; (2) when the contract purports to convey an unrestricted right of way and no definite quantity or width is specified; (3) only against the owner across or over whose land the track is constructed," citing numerous cases.

Plaintiffs offered other evidence tending to show that the Southern Railway Company is now the owner of the right of way over and across the tract of land owned by them, originally conveyed to the Western North Carolina Railroad Company, and was such owner at the date of the execution of the deeds under which both plaintiffs and defendant claim, respectively.

Plaintiffs offered in evidence a deed dated 14 May, 1918, by which defendant conveyed to plaintiffs the tract of land now owned by plaintiffs, "excepting and reserving from the operation of this deed one-half of all mineral of whatever name, kind or description that may be in, under, upon or over that part of the above conveyed land that lays on the northwest side of the right of way of the Southern Railway Company, and the right of way of the Southern Railway Company and the Georgia and North Carolina Railroad Company are also excepted from the operation of this deed."

Subsequently, to wit, on 22 May, 1919, plaintiffs conveyed to defendant "one-half of all minerals of whatever name, kind or description that may be in, under, upon or over that part of tract No. 40, District No. 6, which lays or lies on the northwest side of the right of way of the Southern Railway Company, being the same one-half of said minerals conveyed to said Heaton and wife by said Kilpatrick by said deed of 14 May, 1918, reference to which is again made."

On the cross-examination of plaintiff, R. T. Heaton, who had testified as a witness in behalf of plaintiffs, he was asked the following question: "And under that arrangement, Mr. Kilpatrick retained title to a half interest in the talc and other minerals, and you had a half interest northwest of the railroad?"

Plaintiffs' objection to this question was sustained. Defendant excepted and assigns as error the ruling of the court, by which plaintiffs' objection to the question was sustained. The record shows that the witness would have answered, had he been permitted to do so, that Kilpatrick retained a half interest in said talc and other minerals, as set out in the deed. The principle stated in *Wearn v. R. R.,* 191 N. C., 575, at page 580, and cited by defendant, in his brief filed in this Court, to the effect that where, from the terms of the contract or the language employed, a question of doubtful construction arises, and it appears that the parties themselves have practically interpreted their contract, the courts will generally follow that particular construction, has no application to the facts presented by this assignment of error. There is no ambiguity in the language of the deed, describing the land on and under which the talc and other minerals were conveyed. The location of the northwest boundary of the right of way is the only matter in controversy between the parties.

At the close of the evidence offered by plaintiffs, defendant moved for judgment as of nonsuit, and excepted to the refusal of the court to allow his motion. No evidence was offered by defendant. The assignment of error based upon the refusal of the motion for judgment as of nonsuit is not sustained. All the evidence tended to show that the northwest boundary of the right of way of the Southern Railway Company as the same passes over and across plaintiff's tract of land is located at a distance of one hundred feet from the center of the track of the said railway company. There is, therefore, no error in the instruction of the court to the jury, with respect to the first issue. The assignment of error based upon defendant's exception to said instruction is not sustained. The judgment is affirmed.

No error.