A. E. LITTLE, MRS. OSCAR HARTSELL AND HUSBAND, OSCAR HART-SELL, MRS. ALICE HOWARD AND HUSBAND, GEORGE HOWARD, MRS. FRONIE HOWARD AND HUSBAND, R. F. HOWARD, LETHIA BURRIS, CROWELL BURRIS, LILLIAN BURRIS, HOYLE BURRIS, ESTELL BURRIS, CHRISTOPHER BURRIS AND CLINTON BURRIS, MINORS, BY THEIR NEXT FRIEND, R. T. BURRIS, v. J. LUTHER LITTLE, MINNIE LITTLE, MRS. ROXIE LITTLE LEE AND HUSBAND, D. B. LEE.

(Filed 28 June, 1933.)

1. **Pleadings D d—**

The filing of an answer waives the right to demur *ore tenus* on the ground that a good cause of action is insufficiently stated.

2. **Deeds and Conveyances A a—Close blood relationship constitutes good consideration for deed.**

The relationship between the parties is a good consideration for a deed executed by a father to his children, and his deed is valid where the rights of creditors or subsequent purchasers for value without notice are not involved.

3. **Deeds and Conveyances C f—Plaintiffs held not entitled to attack deed for breach of covenant to support grantor.**

A father executed to certain of his children a deed containing a covenant that the grantees should support the grantor for the remainder of his life. After the grantor's death, plaintiffs, other children and grandchildren of the grantor, sought to set aside the deed for breach of the covenant. The grantor did not retain the right of reentry and did not seek to rescind or cancel the deed during his lifetime. Plaintiffs did not allege that they had contributed anything to the support of the grantor. *Held*, plaintiffs could not complain of the breach of the covenant.

1—205

**4. Appeal and Error J e—Held: verdict determined merits of action and the sustaining of demurrer to one cause alleged was not prejudicial.**

Plaintiffs sought to set aside a deed on the grounds of fraud and undue influence and mental incapacity of the grantor. The allegations of fraud and undue influence, construing the complaint liberally as a whole, were based upon the age and alleged mental incapacity of the grantor. The trial court sustained a demurrer as to fraud and undue influence and submitted an issue as to mental capacity to the jury, which was answered in favor of defendants. *Held*, the verdict determined the issue of fraud and undue influence as set up in the pleading, and sustaining of the demurrer will not be held for error.

CIVIL ACTION, before *Hill, Special Judge,* at September Special Term, 1932, of STANLY.

The plaintiffs and the defendants are the children and grandchildren of John A. Little, deceased, who died intestate in April, 1930, owning certain tracts of land in Stanly County. The complaint alleged that on 3 February, 1915, John A. Little executed a deed to the defendants for said land, which deed was duly recorded, and that thereafter on 30 December, 1919, the said deceased J. A. Little executed three other deeds for the same property; one to Luther Little, purporting to convey all of said land except two ten-acre tracts therein referred to, and to these ten-acre tracts he executed deeds to Roxie Little Lee and Minnie Little respectively. All of said deeds were duly recorded. The plaintiffs further allege that said deeds were void for that: (1) while the deed of 3 February, 1915, recites a consideration of $25.00 "that even this small amount was not paid, and that while said deed purports to be based upon consideration, there was no consideration whatsoever for said deed," and that the land was reasonably worth $10,000 at the time of execution of the deeds. (2) That the last three deeds are void for the further reason that it was provided therein that the defendants, and especially J. L. Little "was to furnish at his own proper cost and expense a comfortable home, board and clothing for the said J. A. Little and his wife, Margaret Little, during the remainder of their natural lifetime, . . . and that the said Luther Little nor the other defendants at any time furnished a comfortable home for the said J. A. Little and Margaret Little; that instead of the said J. Luther Little furnishing a home for J. A. and Margaret Little the said J. A. Little furnished him a home, and practically all of his life and up until the death of said J. A. Little that the said Luther Little lived with the said J. A. Little on the lands of said J. A. Little, which are the lands above described, and paid no rents for the same, and worked and cultivated the same without paying anything therefor, and that the said J. A. Little continued to live in his, the said J. A. Little's home, after the making of said deed, and lived in his own home until the time of his

death." (3) That the deeds were procured by fraud and undue influence perpetrated by the defendants upon their father, J. A. Little, for "that at the time of the execution of said deed, and for many years prior thereto, and since, up until the death of said J. A. Little the said J. A. Little was feeble in mind and not capable of knowing the consequences of any business transaction and mentally incapable of making a valid deed at the time of the execution of the purported deed of 3 February, 1915." It was further alleged that the deeds made on 30 December, 1919, were void for that the grantor, J. A. Little, did not have mental capacity to execute a deed and was a man of feeble mind for a number of years prior to the execution of the deed and continuously until his death.

The defendants filed an answer denying all allegations of fraud or mental incapacity or undue influence.

After the pleadings had been read the defendants interposed a demurrer *ore tenus* as follows: (1) For that said complaint failed to state a cause of action to have the deed declared void and canceled of record for want of or inadequacy of consideration. (2) For that said complaint failed to state a cause of action to have the deeds declared void and canceled of record based upon plaintiffs' allegation of fraud and undue influence or either of them. (3) For that said complaint failed to state a cause of action to have the deeds declared void and canceled of record based upon the plaintiffs' allegation that the deeds did not designate the respective interests of the grantees named therein. (4) For that said complaint failed to state a cause of action to have the deeds declared void and canceled of record based upon the plaintiffs' allegation of lack of mental capacity on the part of the grantor to execute the same.

The court sustained the demurrer as to all the causes of action alleged in the complaint except the one with reference to the mental capacity of J. A. Little at the time of the execution of the deeds. Five issues were submitted, but only one was answered by the jury, as follows: "Did John A. Little, at the time of the execution of the deed of 3 February, 1915, have sufficient mental capacity to make the same?" The jury answered the issue "Yes."

From judgment upon the verdict that the defendants, "their heirs and assigns are the owners in fee simple of the lands described in said deed" plaintiffs appealed.

*Sikes & Reap, D. E. Henderson and A. C. Honeycutt for plaintiffs.*
*Brown & Brown and Morton & Smith for defendants.*

BROGDEN, J. The defendants, having filed an answer to the merits, waived a defective statement of a good cause of action; that is to

say, a demurrer *ore tenus* is not available after answer to the merits, merely for the reason that a good cause of action has been defectively stated. *Mizzell v. Ruffin,* 118 N. C., 69, 23 S. E., 927; North Carolina Practice & Procedure by McIntosh, p. 454. Consequently, it becomes necessary to interpret the complaint. The deeds are not contained in the record, and there is no evidence of consideration except the allegation in the complaint that they recited a consideration of $25.00. The deed was made by a father to three of his children. This Court has held that close blood relationship constitutes a good consideration for a conveyance of land. *Exum v. Lynch,* 188 N. C., 392, 125 S. E., 15. Moreover, it was held in *Howard v. Turner,* 125 N. C., 107, 34 S. E., 229, that "a deed in proper form is good and will convey the land described therein without any consideration." Of course a court of equity will set aside a deed for lack of consideration when the interest of creditors or subsequent purchasers for value without notice are concerned. Therefore no cause of action was alleged in the complaint upon the aspect of consideration. Nor can the plaintiffs succeed by virtue of allegations with respect to the breach of the covenant for support. The grantor in his lifetime did not claim a breach of such covenant or attempt to assert the same. He retained no right of reëntry and did not seek to rescind or cancel the deed. There is no allegation that any of plaintiffs contributed anything to the support of their father or mother, and hence they are not entitled to complain of the breach of the covenant, if such were established. *Helms v. Helms,* 135 N. C., 164, 47 S. E., 415.

The second ground for the demurrer *ore tenus* was that the complaint failed to state a cause of action for fraud and undue influence or either of them. The defendant answered to the merits before the demurrer was made and did not at any time request that the allegations of the complaint in this respect be made more specific, and, nothing else appearing, the plaintiffs' contention that it was error to sustain the demurrer upon the ground that fraud and undue influence were not properly alleged, would be well founded. *Riley v. Hall,* 119 N. C., 406, 26 S. E., 47. Notwithstanding, the complaint must be construed as a whole, and the pleading in this action, when liberally interpreted, discloses that the allegations of fraud and undue influence were based upon the theory that the grantor was old and feeble minded and did not have sufficient mental capacity to make a deed. Consequently, a determination of the mental capacity of the grantor involved and included the issues of fraud and undue influence as set up in the pleading.

The trial judge submitted the issue of mental capacity to the jury and the verdict sustained the deeds. The Court is of the opinion that the substantial merit of the controversy, as laid in the pleading, has been established by the verdict, and the judgment is approved.

No error.