A. A. DIXON and HUGH R. DIXON, doing business and under name and style of A. DIXON & SON; A. A. DIXON and HUGH R. DIXON, individually, and WALTER WADE and MAUDE WADE v. WILLIAM BENJAMIN BECKER, a minor, by his uncle and next friend, DENA C. HADDOCK.

184 So. 114
Division A.
Opinion Filed October 13, 1938.
Rehearing Denied November 8, 1938.

548

*H. L. Anderson,* for Appellants;
*Thos. M. Linton,* for Appellee.

BUFORD, J.—W. B. Haddock, deceased, was the owner of the land involved in this suit. He died, leaving as his sole heirs at law Dena C. Haddock, a son, and Ruby H. Wade, a daughter. Subsequent to the death of W. B Haddock, Dena C. Haddock and his wife, Ethel E. Haddock, and Ruby Wade and Walter Wade, her husband, divided the property of W. B. Haddock, deceased, and the parties above named made and executed a warranty deed to the land involved to Ruby Wade and Walter Wade. The same parties as grantors deeded certain property which had been the property of W. B. Haddock, to Dena C. Haddock. All deeds were recorded.. Ruby Wade had a daughter born out of wedlock who was generally known by the name of Maude Wade. She had a son (whether born in or out of wedlock is not clear) who went by the name of William Benjamin Becker, as well as some other names. Whether or not these two children of Ruby Haddock Wade were legitimate or illegitimate is immaterial because they would inherit from their mother whether they were legitimate or illegitimate.

Ruby Wade died and her husband conveyed the property involved to Dixon & Son. William Benjamin Becker by his next friend, Dena Haddock, filed. suit for injunction and other relief as an heir of Ruby Haddock Becker Wade, making Dixon & Son, Maude Wade and Walter Wade parties defendant.

On final hearing the decree was in favor of the complainant and adjudicated the interest of the parties in and to the lands involved and decreed the partition of the property.

From that decree appeal is taken.

The appellants contend that the conveyance executed by Dena C. Haddock, Ethel E. Haddock, Ruby Wade and Walter Wade to Ruby Wade and Walter Wade created an estate by the entireties and that the title therefor at the

death of Ruby Wade became vested in Walter Wade, the surviving spouse.

The pertinent parts of the deed are as follows:

"This Deed made the 2nd day of April, A. D. 1935, by Dena C. Haddock, Ethel E. Haddock, Ruby Wade and Walter Wade, Heirs to Estate of W. B. Haddock, of the County of Nassau, State of Florida, hereinafter called the grantors, to Ruby Wade and Walter Wade, whose permanent address is Hilliard, County of Nassau, State of Florida, hereinafter called the grantees.

"Witnesseth, That the said grantors in consideration of one dollar and other considerations, the receipt whereof is hereby acknowledged, do give, grant, bargain, sell, alien, remise, release, enfeoff, convey and confirm unto the said grantees and their heirs and assigns in fee simple, the lands situated in Nassau County, State of Florida, described as follows:"

The record shows that the deed was made in pursuance to agreement to partition the property which belonged to W. B. Haddock in his life time between his heirs, Dena C. Haddock and Ruby Haddock Wade. Before the deeds above referred to were executed Ruby Haddock Wade had inherited and owned an undivided one-half interest in the involved property as heir at law of W. B. Haddock, deceased. She also owned an undivided one-half interest in the property which was simultaneously deeded to her brother who owned the other one-half interest. So, after all, the deeds only accomplished a partition of the lands which belonged to W. D. Haddock at the time of his death between his son and daughter, his only heirs at law. As Ruby was vested with fee simple title to an undivided one-half interest in the land prior to the conveyance, the conveyance did not affect or change her title and the deed was ineffectual to create an estate by the entireties in the un-

divided one-half interest to which she already held fee simple title. Ruby, however, acquired whatever title she did acquire in the other undivided one-half interest by the conveyance, and the record shows that it was her intention to take as much of the estate as she was in position to take as an estate by the entireties.

In Bailey v. Smith, *et al.,* 89 Fla. 303, 103 Sou. 833, we held:

"Whether an estate by the entireties exists as a result of the acquisition of property by and in the names of both husband and wife must be determined by a consideration of the nature and terms of the transaction as portraying the intent of the parties and of the rules of law applicable thereto."

It has also been held, in effect, that where land is conveyed to both husband and wife an estate by the entireties is created, at least where a lawful contrary intent is not duly shown. English v. English, 66 Fla. 427, 63 Sou. 822; Ohis Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376; Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223.

The decree appealed from adjudicates:

"That the complainant, William Benjamin Becker, a minor, sometime known as William Leander Becker or William Haddock, and the defendants A. D. Dixon and Hugh R. Dixon, doing business as A. A. Dixon & Son, and said A. A. Dixon and Hugh R. Dixon, individually, and the defendant Maude Wade, a minor, are the owners of the tract of land involved in this suit and are seized and possessed of the same in fee simple as tenants in common in the shares herein adjudged and decreed: which said tract of land involved in this suit is that certain tract, piece or parcel of land situate in Nassau County, State of Florida, particularly described as follows: A tract of land in Section Forty-Three, Township Four north, Range Twenty-

five east, known as the Jos Haddock Grant; Beginning at the Northwest corner of Section Forty-three, thence running South a distance of 3110 ft. to the northwest corner of a two and one-half acre tract sold to Ray Haddock, thence East a distance of 436 ft., thence south 250 ft. to the south line of Section Forty-three, thence East 2410 ft. across County Road, continuing east to the southeast corner of Section forty-three at 2980 ft., thence North on East boundary of said section a distance of 1524 ft., thence West a distance of 1072 ft. to County Road, thence North 7 degrees west along said road 1827 ft. to the north line of Section Forty-three thence West 1984 ft. to place of beginning, said tract containing Two Hundred and one acres.

"4. That the complainant, William Benjamin Becker, a minor, sometimes known as William Leander Becker or William Haddock, is the owner seized and possessed in fee simple of an undivided one-third interest or share in and to said tract of land involved in this suit and hereinabove particularly described; that the defendant, Maude Wade, a minor, is the owner seized and possessed in fee simple of an undivided one-third interest or share in and to said tract of land involved in this suit and hereinabove particularly described; and that the defendants A. A. Dixon and Hugh R. Dixon doing business as A. A. Dixon & Son, and A. A. Dixon and Hugh R. Dixon individually, are the owners seized and possessed in fee simple of the remaining undivided one-third interest or share in and to said tract of land involved in this suit and hereinabove particularly described."

It, therefore, follows that the decree was erroneous in holding in effect that no estate by the entireties was created by the conveyance above referred to and that Walter Wade only conveyed to Dixon & Son an undivided one-third interest in the property. Walter Wade was vested with fee simple title as to an undivided one-half interest as survivor

to the estate by the entireties and was vested with a child's part, or one-third interest in the other undivided one-half interest in the estate as the surviving husband of Ruby Haddock Wade who died leaving her husband and two children as her heirs. William B. Becker and Maude Wade each inherited an undivided one-third of an undivided one-half interest as heirs at law of their mother. It is, therefore, ordered that the decree appealed from should be reversed with directions that a decree be entered not inconsistent with the views herein expressed and that the costs of this appeal be taxed one-half thereof against Dixon & Son and the other one-half against Maude Wade and the appellee Becker.

It is so ordered.

Reversed with directions.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.