HELEN W. SMITH, PETITIONER, v. JOHN B. SMITH AND
MINNIE M. SMITH, DEFENDANTS.

(Filed 18 March, 1959.)

**1. Estoppel § 6—**

A contradictory allegation in a pleading filed in a prior action cannot form the basis of an estoppel unless pleaded with certainty and particularity.

**2. Reformation of Instruments § 1—**

Allegation that the wife's name was inserted in a deed to the husband "through error" is insufficient to support a reformation of the deed, since reformation will not be granted for mistake of one party, but only for mutual mistake resulting in the failure of the instrument to express the true intent of the parties, or mistake of one party induced by the fraud of the other.

**3. Pleadings § 7—**

New matter constituting an affirmative defense must be alleged with the same clearness and conciseness as is required of allegations in the complaint. G.S. 1-135.

**4. Tenants in Common § 2:    Partition § 1c:    Husband and Wife § 17—**

An estate by the entireties is converted to a tenancy in common by

decree of absolute divorce, and the wife may thereafter maintain proceedings for partition.

**5. Deeds § 11—**

When the terms of a deed are unambiguous, the intention of the parties must, ordinarily, be gathered from the language of the instrument itself, but in proper instances consideration may be given to other instruments executed contemporaneously therewith, the attending circumstances and the situation of the parties at the time.

**6. Same—**

The practical construction placed upon a deed by the parties thereto before a controversy arises will ordinarily be given weight by the courts in arriving at the true meaning and intent of the language.

**7. Same:    Evidence § 27—**

The parol evidence rule applies to the construction of deeds, and a conveyance cannot be contradicted by a parol agreement, nor, in the absence of fraud, mistake or undue influence, can the provisions of a deed be set aside by parol testimony.

**8. Appeal and Error § 49—**

A finding of fact which is based upon incompetent testimony is not binding.

**9. Deeds § 11:    Evidence § 27:    Husband and Wife § 14—**

In determining whether a deed executed by a mother to her son and the son's wife created an estate by the entireties or merely partitioned the land between the mother and the son, who were tenants in common, parol testimony of the parties after controversy arose as to their intentions may not be considered insofar as such testimony tends to contradict the plain provisions of the deed.

**10. Deeds § 8—**

A deed in proper form unsupported by any consideration is good and will convey the land described therein, except as against creditors and innocent purchasers for value.

**11. Husband and Wife § 14—**

A conveyance of land to husband and wife, nothing else appearing, creates an estate by the entireties.

**12. Same:    Partition § 7—**

Where tenants in common exchange deeds for the purpose of allotting to each his or her share of the land, the deeds employed merely sever the unity of possession and create no new title, and therefore if any one of such deeds names the tenant and his spouse as grantees, no estate by the entireties is thereby created, even though the grantee consents thereto, since the grantees must be jointly named and jointly entitled in order to create an estate by the entireties.

**13. Same—**

Mother and son were tenants in common. The son and his wife con-

veyed to the mother the son's entire interest in the lands, and the mother executed deed for a portion of the land to the son and his wife, "creating an estate by the entirety." There was no evidence that the portion conveyed to the son amounted to one-half the lands. *Held:* The deed executed by the mother to the son and his wife created an estate by the entireties, even though both deeds were executed contemporaneously, this being consonant with the intention of the parties as disclosed by the evidence and the facts and circumstances surrounding the parties at the time.

APPEAL by plaintiff from *Fountain, S. J.,* August 1958 Term of GASTON.

This case was here at the Spring Term, 1958, and is reported as *Smith v. Smith,* 248 N.C. 194, 102 S.E. 2d 868. The cause was therein remanded for further hearing since "the facts before the court were insufficient to sustain the judgment."

The following uncontroverted facts are gleaned from the stipulations and findings of facts in the case:

1. Benjamin Franklin Smith died intestate in 1914, seized in fee of a tract of land in Southpoint Township, Gaston County, containing 26.25 acres. He was survived by his widow, Minnie M. Smith, and his sons, Frank Rhyne Smith and John B. Smith, his only heirs at law. In 1933 Frank Rhyne Smith conveyed to Minnie M. Smith all his interest, right and title in and to said tract of land.

2. John B. Smith married Helen Weathers on 5 August, 1949.

3. On 15 September, 1949, J. B. (John B.) Smith and wife, Helen Smith, conveyed to Minnie M. Smith, by deed of bargain and sale with general covenants and warranties, the entire 26.25 acre tract (except two small parcels theretofore sold to Goshen Cemetery and Stowe Spinning Company). This deed recites "consideration of One Dollar, Love and Affection (Deed of Gift)." It was filed for recordation on 17 September, 1949, at 9:45 a. m., and recorded in Book 546 at page 467, Registry of Gaston County.

4. On 15 September, 1949, Minnie M. Smith conveyed to "J. B. Smith and wife, Helen W. Smith, Creating an Estate by the Entirety," by deed of bargain and sale, with general covenants and warranties, 7.14 acres of said tract. This deed recites "consideration of One Dollar, Love and Affection—Deed of Gift." It was filed for recordation on 17 September, 1949, at 9:45 a. m., and recorded in Book 546 at page 468, Registry of Gaston County. A paragraph, immediately following the description and preceding the habendum clause, purports to reserve to grantor a life estate in a four-room house and the lot on which it is located, but there is no reference to this provision elsewhere in the deed.

5. Helen W. Smith and John B. Smith were divorced (*a vinculo*) by judgment of the Superior Court of Gaston County on 13 October, 1955, and Helen W. Smith has remarried since the institution of this proceeding.

6. On 3 November, 1955, Helen W. Smith instituted this proceeding for sale of said 7.14 acre tract for partition. The defendants, John B. Smith and Minnie M. Smith, filed answer denying that plaintiff owned or was entitled to any interest or estate in said tract and alleging "that her name was put on the deed through error."

At the August 1958 Term of Gaston County Superior Court the parties waived trial by jury (G.S. 1-184) and agreed that the Judge might hear the evidence, find the facts, make his conclusions of law and enter judgment.

In addition to those above recited, the Judge found the following facts:

"5. That prior to and after the marriage of Helen W. Schelper to John B. Smith, it was the intention of those two parties that John B. Smith should make provision to create an estate by the entirety or otherwise secure to Helen W. Smith one-half of his interest in his land.

"6. That Minnie M. Smith, the widow of B. F. Smith, had since the death of her husband and prior to the marriage of John B. Smith and Helen W. Schelper maintained and looked after the land involved in this controversy; (and after the marriage of John B. Smith and Helen W. Schelper, it was her intention that John B. Smith should have his share of the lands held by himself and Minnie M. Smith in severalty, and to that end she and John B. Smith executed the deed referred to in the fourth stipulation and the fifth stipulation for the purpose of effecting a division of their interest in the property, so that each should hold his and her share in severalty.)"

"10. That the execution of the deeds between J. B. Smith and wife, Helen W. Smith, and Minnie M. Smith on September 15, 1949, was one simultaneous transaction, (and that no consideration passed between the parties other than their desire and intention to own their respective shares in the land in severalty.)

"11. That in an action brought by Helen W. Smith against J. B. Smith, in which Helen W. Smith sought alimony, the defendant John Smith alleged that the 7.14 acres of land had been conveyed to his wife and himself by the entireties. No other portion of the pleading and no other portion of the record in that action was introduced in evidence."

Upon the stipulations and facts found, the court concluded as a matter of law:

"1. That the deeds executed by Minnie Smith and J. B. Smith and wife, Helen W. Smith, now Helen W. Schelper, dated September 14, 1949, effected, brought about and produced a division between the then tenants in common and created no new estate in either of the parties in and to the land described in the respective deeds.

"2. That even though J. B. Smith intended to create an estate by the entirety as between himself and Helen W. Smith, he never executed any instrument to put such intention into effect.

"3. That the deed from Minnie M. Smith to J. B. Smith and wife, Helen Smith, dated September 15, 1949, and recorded in Book 546, page 468, in the Gaston County Public Registry, does not create an estate by the entirety in J. B. Smith and Helen Smith, and the plaintiff is not now a tenant in common with J. B. Smith and has not and does not own any interest in the lands described in said deed.

"4. That J. B. Smith is not now estopped to claim title to the land described in the deed from Minnie M. Smith to J. B. Smith and wife, Helen W. Smith, which is referred to in the preceding paragraph."

The plaintiff excepted to the portions of Findings of Fact 6 and 10 which appear in parentheses, to the conclusions of law, and to the signing of the judgment.

From judgment, declaring that plaintiff "has no interest" in the *locus in quo*, plaintiff appealed and assigned error.

*Max L. Childers, Henry L. Fowler, Jr., and Hugh W. Johnston for plaintiff, appellant.*

*Ernest R. Warren and Julius T. Sanders for defendants, appellees.*

MOORE, J. Before reaching the main question involved, it is thought advisable to dispose of two preliminary matters.

1. The plaintiff did not file a reply and did not plead as an estoppel the admission of the defendant John B. Smith in his answer in a former suit for alimony, that he and plaintiff owned the *locus in quo* as tenants by the entireties.

"An estoppel is new matter and must generally be pleaded as a defense, and no advantage can be taken of it under a general denial; and this applies to estoppels by record or judgment, estoppels by deed, and estoppels in *pais*, or equitable estoppels. 'An estoppel which "shutteth a man's mouth to speak the truth" should be pleaded with certainty and particularity. The court should be able to see from the pleadings what facts are relied upon to work the estoppel.' When a party has an opportunity to plead an estoppel, and omits to do so,

he waives the benefit of it; . . . if the party seeking the benefit of the estoppel will not rely upon it, he will answer to the fact and again put it in issue, the estoppel, when offered in evidence to the jury, loses its conclusive character, becomes mere evidence and like all other evidence may be repelled by opposite proof, . . ." McIntosh, North Carolina Practice and Procedure (Second Edition), Vol. 1, Sec. 1236 (7), pp. 673, 674. *Miller v. Casualty Co.*, 245 N.C. 526, 96 S.E. 2d 860; *Wilkins v. Suttles*, 114 N.C. 550, 19 S.E. 606.

2. The defendants alleged in their further answer the mere conclusion that plaintiff's name was inserted in the deed from Minnie M. Smith "through error." Such allegation is insufficient to support a reformation of the deed for mutual mistake of fact, for the mistake on one part and fraud on the other, or for mistake of the draftsman.

"The party asking for relief by reformation of a deed or written instrument, must allege and prove, first, that a material stipulation, as alleged, was agreed upon by the parties, to be incorporated in the deed or instrument as written, and second, that such stipulation was omitted from the deed or instrument as written, by mistake, either of both parties, or of one party, induced by the fraud of the other, or by the mistake of the draftsman. Equity will give relief by reformation only when a mistake has been made, and the deed or written instrument because of the mistake does not express the true intent of both parties. The mistake of one party to the deed, or instrument, alone, not induced by the fraud of the other, affords no ground for relief by reformation." *Crawford v. Willoughby*, 192 N.C. 269, 271, 134 S.E. 494.

"The answer must contain any new matter relied on by the defendant as constituting an affirmative defense. G.S. 1-135. Setting forth new matter as a defense is an affirmative pleading on the part of the defendant and the facts should be alleged with the same clearness and conciseness as in the complaint." *Cohoon v. Swain*, 216 N.C. 317, 320, 5 S.E. 2d 1; McIntosh, North Carolina Practice and Procedure (Second Edition), Vol. 1, Sec. 1236, p. 668.

The main question involved on this appeal is whether or not the plaintiff was a tenant in common with the defendants in the 7.14 acre tract described in the petition at the time of the institution of the proceeding. *Smith v. Smith, supra.*

If the deed from Minnie M. Smith to J. B. Smith and wife, Helen W. Smith, vested in the grantees an estate by the entireties, the answer is that she was a tenant in common at the time the proceeding was instituted. Plaintiff and John B. Smith were divorced 3 November, 1955. "An absolute divorce destroys the unity of husband and

wife, and therefore converts an estate by the entirety into a tenancy in common." *Davis v. Bass,* 188 N.C. 200, 207, 124 S.E. 566.

In order to determine the intent and effect of the deed from Minnie M. Smith to John B. Smith and wife, Helen W. Smith, it must be considered in conjunction with the deed from John B. Smith and wife, Helen W. Smith. These deeds together constitute a "simultaneous transaction." All instruments executed at the same time and relating to the same subject may be construed together in order to effectuate the intention. *Sandlin v. Weaver,* 240 N.C. 703, 83 S.E. 2d 806; *Howell v. Howell,* 29 N.C. 491.

In construing a deed and determining the intention of the parties, ordinarily the intention must be gathered from the language of the deed itself when its terms are unambiguous. However, there are instances in which consideration should be given to the instruments made contemporaneously therewith, the circumstances attending the execution of the deed, and to the situation of the parties at the time. ". . . it is an elementary rule of construction that the intention of the parties shall prevail unless it is in conflict with some unyielding canon of construction or settled rule of property, or is repugnant to the terms of the grant. Such intention, as a general rule, must be sought in the terms of the instrument; but if the words used leave the intention in doubt, resort may be had to the circumstances attending the execution of the instrument and the situation of the parties at the time — the tendency of modern decisions being to treat all uncertainties in a conveyance as ambiguities to be explained by ascertaining in the manner indicated the intention of the parties." *Seawell v. Hall,* 185 N.C. 80, 82, 116 S.E. 189. See also *Monk v. Kornegay,* 224 N.C. 194, 29 S.E. 2d 754.

The practical construction placed upon a written instrument by the parties thereto before the controversy arose is ordinarily given great weight by the courts in arriving at the true meaning and intent of the language employed in the contract. *Banks v. Mineral Corp.,* 202 N.C. 408, 163 S.E. 108.

"A conveyance of land must be in writing and comply with certain formalities, and its principal function is to evidence the transfer of a particular interest in land. . . . an agreement which contradicts express provisions of the deed . . . which 'would change the essential nature' of a deed absolute, may not be shown." Stansbury, North Carolina Evidence, Sec. 255, pp. 512 and 514. The Parol Evidence Rule applies in litigation involving the construction of the nature and quality of estates conveyed by deed. *Heaton v. Kilpatrick,* 195 N.C. 708, 143 S.E. 644; *Flynt v. Conrad,* 61 N.C. 190. A conveyance

cannot be contradicted by a parol agreement, nor, in the absence of proof of fraud, mistake, or undue influence, can a deed solemnly executed and proven be set aside by parol testimony. *Walters v. Walters,* 172 N.C. 328, 90 S.E. 304; *Mfg. Co. v. Mfg. Co.,* 161 N.C. 430, 77 S.E. 233. "It is well-nigh axiomatic that no verbal agreement between the parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. (Citing authorities) As against the recollection of the parties, whose memories may fail them, the written word abides. (Citing authority) The rule undoubtedly makes for the sanctity and security of contracts." *Insurance Co. v. Morehead,* 209 N.C. 174, 175, 183 S.E. 606, and cases there cited.

"Where facts are found by the court, if supported by *competent* evidence, such findings are as conclusive as the verdict of a jury." (Emphasis ours) *Goldsboro v. R.R.,* 246 N.C. 101, 97 S.E. 2d 486. In the instant case, the declaration of the parties after the controversy arose and their testimony as to their intentions with respect to the effect of the deeds and the estates thereby created, may not be considered in so far as such tend to contradict the plain provisions of the deeds themselves. The deeds, the circumstances attending the execution thereof, and the situation of the parties at the time are to be considered.

The question of "consideration" is unimportant in this case. A close blood relationship constitutes a good consideration for conveyance of land. And a deed in proper form is good and will convey the land described therein without any consideration, except as against creditors or innocent purchasers for value. *Little v. Little,* 205 N.C. 1, 169 S.E. 799; *Exum v. Lynch,* 188 N.C. 392, 125 S.E. 15; *Howard v. Turner,* 125 N.C. 107, 34 S.E. 229.

The following facts are important in the decision of this case. Minnie M. Smith and John B. Smith are mother and son. Prior to the execution of the deeds in question they were owners in fee and tenants in common of the tract of land of which the *locus in quo* was a part, and Minnie M. Smith had a dower right in the one-half undivided interest of John B. Smith. The deeds were made less than two months after the marriage of John B. Smith to the plaintiff. Minnie M. Smith had been in possession of the entire tract of land prior to the execution of the deeds. John B. Smith and wife, Helen W. Smith, conveyed the entire tract of land to Minnie M. Smith. And thereupon Minnie M. Smith conveyed 7.14 acres thereof to John B. Smith and wife, Helen W. Smith. The deeds were dated, executed and filed for recordation simultaneously. The deed to Minnie M. Smith appears

first in the registry, and the deed to John B. Smith and wife, Helen W. Smith, follows immediately.

Where a conveyance of land is made to a husband and wife, nothing else appearing, it creates an estate by the entireties. *Davis v. Bass, supra.*

But the defendants contend that the deeds in question in this case were for the sole purpose of partitioning the tract of land owned by them as tenants in common, created no new title, and had the effect only of severing the unity of possession.

This Court has consistently held that where tenants in common divide the common land and by exchange of deeds allot to each his or her share of the land, the deeds employed create no new title and serve only to sever the unity of possession. And if any of such deeds names the tenant and his wife or the tenant and her husband as grantees, no estate by the entireties is thereby created, even if they are so named with the consent of the tenant. The grantees must be both jointly named and jointly entitled. *Elledge v. Welch,* 238 N.C. 61, 76 S.E. 2d 340; *Duckett v. Lyda,* 223 N.C. 356, 26 S.E. 2d 918; *Wood v. Wilder,* 222 N.C. 622, 24 S.E. 2d 474; *Burroughs v. Womble,* 205 N.C. 432, 171 S.E. 616; *Crocker v. Vann,* 192 N.C. 422, 135 S.E. 127; *Garris v. Tripp,* 192 N.C. 211, 134 S.E. 461; *Speas v. Woodhouse,* 162 N.C. 66, 77 S.E. 1000; *Sprinkle v. Spainhour,* 149 N.C. 223, 62 S.E. 910; *Harrison v. Ray,* 108 N.C. 215, 12 S.E. 993. In the instant case, if Minnie M. Smith and John B. Smith had exchanged deeds and each had conveyed to the other thereby a *moiety* of the land, the controlling principle would be clear.

A partition deed assigns to the heir or co-tenant only what is already his. He acquires no title to the land by such deed. He already has title by inheritance from the ancestor or by the deed of conveyance to the tenants in common. The partition deed merely fixes the boundaries to his share that he may hold it in severalty. If the partition deed is made to cotenant and spouse, there is created no estate by the entireties. There is no unity of time and title, and the grantees are not jointly named and jointly entitled. "When coparceners mutually agree to, and do voluntarily, divide an estate held by them in common, and assign to each his or her share therein, it is obvious that they convey nothing of their own to such coparcener, but merely designate the boundaries in severalty to that which was already his or her own by virtue of the joint deed, or by descent from the common ancestor." *Snyder v. Elliott* (1902) 171 Mo. 362, 71 S.W. 826, 132 A.L.R. 638.

We should consider what is meant by the expression "jointly en-

titled." It cannot be construed to mean that both the husband and wife had paid a substantial and valuable consideration for the conveyance, nor that both of them, jointly or individually, had some equity, right, title, interest, or estate in the land before the conveyance was made. Where a husband owns land and conveys it to a third party (strawman) who in turn conveys it to said husband and his wife, such conveyance creates an estate by the entireties. 132 A.L.R. 641 and cases there cited, and 173 A.L.R. 1219 and cases there cited. Indeed, this is the device customarily used in creating such an estate in land owned by one spouse, when it is desired that it be held by the entireties. Coneyance to a trustee for the benefit of husband and wife creates an estate by the entireties. *Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518. It was held in *Woolard v. Smith,* 244 N.C. 489, 94 S.E. 2d 466, that a husband owning land may create an estate by the entireties by deeding the land to himself and wife. If one tenant in common conveys his share to another tenant in common and the wife of the other tenant in common, the grantees hold such share as tenants by the entireties. *Morton v. Lumber Co.,* 154 N.C. 278, 70 S.E. 467. In none of such cases is there a requirement that the wife pay consideration or that she own some pre-existing right in or to the land.

"In its usual sense, to entitle is to give a right or title." Black's Law Dictionary. It comes to this: Were the instruments in question capable, by their nature and under the circumstances existing at the time of their execution, of passing a new title or creating a new estate? The answer is yes. The deeds are silent with reference to any partition of land; there is no indication of the relative values of the tract conveyed and the tract retained by Minnie M. Smith. The deed to Minnie M. Smith conveys the entire tract. At this point she is the sole owner in fee of the entire tract. She could have conveyed title to a part or all of it to anyone. The conveyance from her was accepted by John B. Smith as written, so far as the record is concerned, without question until this controversy arose. Minnie M. Smith was in a position comparable to that of the mother in *Edwards v. Batts,* 245 N.C. 693, 97 S.E. 2d 101. She had title to the land and conveyed it to John B. Smith and wife, Helen W. Smith, "Creating an Estate by the Entirety." The plaintiff and John B. Smith were "both jointly named and jointly entitled." We find nothing in the circumstances surrounding the execution of the deeds or in the situation of the parties at the time inconsistent with our conclusion that it was the intention of the parties to create an estate by the entireties in John B. Smith and wife, Helen W. Smith. The pertinent and competent facts bear-

ing upon the situation tend to support our conclusion as to the intention of the parties.

The authorities in other jurisdictions are not in accord.

In *Dixon v. Becker* (1938), 134 Fla. 547, 184 So. 114, 132 A.L.R. 640, there was an agreement to partition deceased's property between his only heirs, a son and daughter. The daughter conveyed her undivided half interest in a portion of the land to the son, and the son conveyed to the daughter and her husband the other portion of the land, in which the daughter already had an undivided half interest. The court held that as to the one-half undivided interest conveyed by the son there was a tenancy by the entireties. The court, in explanation of its decision said: ". . . the record shows that it was her intention to take as much of the estate as she was in position to take as an estate by the entireties."

In *Powell v. Powell* (1916), 267 Mo. 117, 183 S.W. 625, 132 A.L.R. 639, decedent's heirs, to effect a partition of his land, executed deeds to his widow, who simultaneously executed deeds back to each heir for his or her share of the land. The deed, for a daughter's share, at her direction, was made to herself and husband. There were four heirs involved. The court held that no estate by the entireties was created. The court said: "It is clear that the mother . . . was selected as a mere conduit in their partitioning of the estate. . . . It is clear that the land conveyed to defendant and his wife was the portion of her father's estate coming to her and no more."

It is clear in such cases that the courts look to the intention of the parties as disclosed by their situations at the time, the facts and circumstances surrounding the execution of the deeds and the facts to be drawn from the deeds themselves.

If the defendant, John B. Smith, could convey to a third party and create an estate by the entireties by accepting a deed to himself and wife, from the third party, we see no reason why this third party could not be his mother in this case. She was vested with the entire title. She conveys what was clearly intended as an estate by the entireties. Under this deed the grantees were jointly named and jointly entitled and the unities of time and title appear.

The plaintiff now owns a one-half undivided interest in fee in the *locus in quo* as a tenant in common with John B. Smith and is entitled to maintain her proceeding for partition.

The legal status of the purported life estate of Minnie M. Smith in the house and lot is not before us. However, attention is called to the principles enunciated in the following cases: *Burns v. Crump*, 245 N.C. 360, 95 S.E. 2d 906; *Edwards v. Butler*, 244 N.C. 205, 92

S.E. 2d 922; *Hardison v. Lilley*, 238 N.C. 309, 78 S.E. 2d 111; *Whitson v. Barnett*, 237 N.C. 483, 75 S.E. 2d 391; *Jeffries v. Parker*, 236 N.C. 756, 73 S.E. 2d 783; *Kennedy v. Kennedy*, 236 N.C. 419, 72 S.E. 2d 869; *Swaim v. Swaim*, 235 N.C. 277, 69 S.E. 2d 534; *Pilley v. Smith*, 230 N.C. 62, 51 S.E. 2d 923; *Artis v. Artis*, 228 N.C. 754, 47 S.E. 2d 228; *McNeill v. Blevins*, 222 N.C. 170, 22 S.E. 2d 268.

The judgment below is reversed and the cause is remanded for further proceedings in accordance with law and the decision. in this case.

Reversed and remanded.